Blake *against* Millspaugh.

It is a good cause of challenge to a juror that he has previously given his opinion on the question in controversy between the parties. If the justice overrule the objection, and the party goes to trial on the merits, it is no waiver of the exception, nor does it preclude him from taking advantage of it in error.

THIS cause was, on a *certiorari* from a justice's court. The present defendant, brought an action against the present plaintiff, before a justice of the peace, for the penalty of twenty-five dollars, for taking excessive toll on the turnpike-road, from *Newburgh* to *Cochechton*, contrary to the provisions of the act establishing the turnpike.†

On the jurors being called, the defendant objected to one of them, alleging as a cause of challenge, that the juror had previously expressed his opinion, that the toll so taken by the defendant, was unlawful and not authorised by the act, and at the same time, offered to verify by proof, the truth of the exception ; but the justice overruled the objection, and allowed the juror to be sworn. A verdict was found for the plaintiff, and a judgment given thereon for the debt and costs.

† Laws *N York,* 2d Vol. 453.

*Jones* for the plaintiff in error, contended, 1. That the exception taken to the juror was legal and valid, 2. That the toll-gatherer was not liable to be sued under the act for this penalty. He is a mere agent acting under the directions of the company, and is bound to take such tolls as they establish ; he is liable only if he take more than the rate fixed by the directors, whose rules and orders he is obliged to obey. If the rate of toll given to him by the direc-

tors is higher than what the law allows, the *Company* are the
pr.per persons to be made responsible, not the defendant,
who is an innocent ag-nt, and answerable only for his own
misconduct.   The words of the act, *(sect. 13)* are " that
" if any toll-gatherer shall unreasonably delay or hinder
" any traveller or passenger at any of the gates, or shall
" demand and retain more toll than is established by the
" act, he shall, for every such offence, forfeit and pay 25
" dollars, to be recovered to the use of the person so unrea-
" sonably hindered or detained." In construing a penal act,
the words ought to be taken in their strictest sense, and
the offence alleged must be clearly within the terms of the
law.   Here the penalty is given to the person hindered or
detained, but the plaintiff complained only of the defen-
dant's taking more toll than was authorised by law, and
not for being hindered or detained.   3. The section which
declares the penalty and gives the right of action, is si-
lent as to costs ; yet the justice gave judgment for the
costs.

KENT, C. J.   We have decided that in all suits brought
under the *ten-pound act*, costs are given of course, where a
debt, or damages are recovered.

*Riggs*, contra.   Where an exception is made to a juror,
it must be tried by *triors ;* but in proceedings before a
justice there can be no *triors ;* he must decide on the
exception himself.   He has tried and decided on the ex-
ception, and that is conclusive ; besides, having suffered
this cause to go to the jury, and to be litigated before them,
the defendant has thereby waived this exception, and cannot
insist upon it as ground of error.   But the exception made
was not a valid one.   The mere expression of an opinion
by a juror, as to a question of law, is not a sufficient
cause for disqualification ; such a rule would be unreason-
able and very inconvenient.   Though the juror may have
an opinion as to a matter of law, still, it is to be presum-
ed, that he will readily change that opinion, when in-
structed to the contrary by the court, whose duty it is to
inform the jury on all points of law.

NEW-YORK,
May, 1806.

Blake
v.
Millspaugh.

As to the second objection, it may be said, that the words in the first part of the 13th section, are in the disjunctive, hindering the traveller, or taking more toll than the law allows, and the penalty will attach to either offence. If he take excessive toll, the law makes him liable to the party injured; and if he has been misdirected, he must seek his remedy against his employers.

*Jones* in reply. The objection to the juror is, that he goes to the trial with a preconceived opinion, and bias against the party, and cannot, therefore, deliberate and decide with that impartiality, which is always expected in a jury. The juror, it is true, ought to receive the law as laid down by the court; but if he have formed preconceived notions, there is no certainty, that he will follow the direction of the judge. If an exception be improperly repelled by the judge, it may always be taken advantage of in error. The defendant was compelled to go to trial, with that jury; he had no election, and his proceeding under those circumstances, cannot preclude him from availing himself, afterwards, of the misdirection of the judge.

*Per Curiam.* We think the challenge was well taken. That a juror had previously given an opinion on the very question, in controversy, was a valid exception to his being sworn to try the cause; the defendant's proceeding to trial on the merits, afterwards, is no waiver of the exception, nor does it preclude him from alleging the misdirection of the judge, as error.

Judgment reversed.