Martin, J.
delivered the opinion of the Court. This ca.se comes up, On a bill of exception, to the opinion of the Court of the first district, overruling!; the objection of the plaintiff’s counsel, to the swearing of Ogden as a juror, on the ground that “ he was consulted as a “(by Bell, the agent of the defendants) in “ transaction, previous to the suit being “ ed, and from the case, as it had been represent- “ ed to him, by the said Bell, he had given his “ opinion, founded on the evidence, as far as he “ had heard it, that the transaction was a fair one, “ and that the defendant was entitled to the pro- “ perty in dispute.” These facts, were disclosed by the juror, who added, that, “ as he had heard “ only one side of the question, his mind was still “ open to conviction from law and evidence.”
It has been contended that the juror was properly sworn, because, as there was no evidence of the facts on which he was challenged, except what was contained in his declaration and he had sworn away the presumption of the existence of any bias on his mind, and as the whole declaration must be taken together, there remained nothing from which his incompetency might be presumed. He best knew the situation of his. mind, it is said, and he swore it was totally unbiassed.
*618 2.'Because tlie opinion he gave was qualified : it being declarecUto be founded on the sole evidence laid before hitru
3.Because the opinion he gave was not of the truth of the facts of the case, which it Was the province of the jury, sworn in this case, to try, but on the law arising thereupon, in which the jury were sworn properly to be directed by the opinion of the Court.
4.Because the challenge, being to the favour ánd not a principal challenge* the competency of the juror was not to be tested by, the Court, but pronounced upon by triors.
The counsel has relied on the opinión of the circuit court of the U. S. for the Virginia district* in the case of the U. S. vs. Burr, on a motion to discharge Eggleston. This juror* informed the Court that, “ after having read the deposition of ‘‘ General Eaton against the defendant, he felt his mind so warm, that it Would not be proper for " him to attend as a juror; that he spoke what hé “ felt in public companies, and these were his im " pressions from what he had then read ; but 4‘ what he had read since on ’ he case had left him “ so far relieved from prejudice, as not to be able “ what to say.” Being asked whether he had now aw opinion formed ? he answered that, “ if no ** other information should come to his view, it *619 " might be said that he had not.” On this he was sworn. 1. Burr's trial, Chap. ed. 11 & 12.
We are of opinion that the District Court erred in receiving'the juror.
A challenge on account of a suspicion of bias is a challenge proper affectum. 3 Comm. 363. A legal presumption of In as arises when the juror has had a previous know ledge of .the cause, by being one of the witnesses to the deed. Co. Litt. 157 a : or, if he have been informed of, or treated of, the matter : this is a principal challenge. The case, cited by the counsel, shews that the Court is to decide on the state of the juror's mind, according to legal presumption ; maugre he swears, as Eggleston, that “ it would not be proper for him to attend as a juror” or as Ogden, that his mind is still open.
There is nothing in the circumstance of the juror having qualified his opinion, by asserting it was founded only on the evidence laid before him; this being the natural presumption.
The forming and disclosing an opinion on the question of law, which is do determine a transaction, is equally fatal to the competency of a juror, as on the facts. Where the juror had expressed his opinion.on the legality of a toll, claimed in the suit, he was not suffered to be sworn. Blake vs. Millspaugh, 1 Johns. 316.
*620 Applying these principles of law to the present case, Ogden ought not to have been received as a juror, because he had a previous knowledge of the case, had been informed of, and treated of the matter, that is spoken with about it by one of the parties this, in the eye of the law, raising a presumption or suspicion of a bias, which ought to have excluded him. He could not restore himself to his competency to act as a juror, by his assurance on oath that he was still open to conviction. Few men are conscious of the influence of the prejudice which avowed opinions create. As it is the duty of every juror to soar above it, the law doubts not the intention of any juror to resist it. But, as men are liable to mistake desires for Opinions, it does not allow the assurances which a juror gives of his opinion of belief (lor he can only swear to this) that he is above all prejhdice, for perhaps this is to be above human nature.
The present case differs materially from that in Virginia. Eggleston declared that the reading of. One paper had given rise in his mind to impressions very unfavorable' to the defendants ; he had published these sentiments , , but, information, which he had afterwards received, had eradicáfed these impressions, so that he had no opinion form'ed, when he came to the book. Ogden had formed and published an opinion, which for any thing that appears on the record, induced' the bringing of the suit, and as he had nut heard any thing far *621 ther on the subject, the presumption was that the opinion was unshaken, when he was called. It is true he owns that as he heard only one side of the question, his mind its still liable to conviction, from law and evidence ; that he wishes, intends, and indeed expects it would be so, is that what the Court were bound to believe, without as well as with this assertion : yet it ought not to have been considered as destroying the legal presumption, which repelled him fmm the book.
There must ever be a natural propensity in a juror thus situated, to listen with complacency to arguments confirming the opinion he has given, while contrary ones, suggesting his fallibility, must give rise to opposite sensations. The counsel who best pleases, will best convince ; the juror will be glad to find himself able to give a verdict that may confirm the opinion of his wisdom, in the person whom he advised ; if the scales happen to vibrate a while his wish may fix them.
It is ordered, adjudged and decreed that the judgment of the District Court be annulled and reversed and that the cause be remanded with directions to allow a new trial.