May Term, 1828.

———

MODISETT
v.
LINDLEY.

---

## MODISETT v. LINDLEY and Another.

If an agent execute an obligation for his principal not warranted by the power, the principal, being unapprised of the nature of the obligation, will not be bound by it; though he was in the room when the obligation was executed, and though his subsequent agent conceived himself authorised to comply with similar obligations so executed by the first agent.

Although one partner cannot bind his co-partner by deed, yet a deed executed by one for himself and partner, in the other's presence and by his authority, is the deed of both.

APPEAL from the *Vigo* Circuit Court.

HOLMAN, J.—*Kitchell*, as agent for the defendants under an authority by deed, executed certain covenants in favour of the plaintiff, in which he transcended his authority in a material part of the covenants. On these covenants this action was founded. The defendants pleaded non est factum. On the trial of that issue, the plaintiff proved by competent testimony, that one of the two defendants, against whom this suit is prose-

*Monday,*
*May 5.*

May Term,
1828.

Modisett
v.
Lindley.

cuted, was in the room at the time *Kitchell* executed these covenants, and the witness thought that the other was present also; and that the present agent of the defendants, conceived himself authorised by the defendants to take up such covenants as these, executed by *Kitchell* in behalf of the defendants in favour of other persons. And, thereupon, the plaintiff's counsel prayed the opinion and direction of the Circuit Court to the jury, that these are such facts as will make these acts of *Kitchell*, the former agent of the defendants, although not warranted by the original power of attorney given by said defendants to said *Kitchell*, legally operative upon the said defendants; which direction the Court refused to give; and the defendants received a verdict and judgment.

The question arising out of the refusal of the Circuit Court to give this direction to the jury, is the only point in the case. This question is simply this: Does the presence of one or both of the defendants in the room, at the time when their agent executed these covenants; aided by the opinion of the present agent of these defendants, that he considers himself authorised by them to treat such covenants as obligatory on them; amount in law to a ratification of these unauthorised acts of *Kitchell*, or to an adoption of these covenants as their own, so as to support the issue on the part of the plaintiff, that these are the deeds of the defendants? This question has been investigated with much skill and industry by the counsel on both sides, and many cases have been cited, most of which bear but remotely on the question.

In the case of *Ball* v. *Dunsterville*, 4 D. & E. 313, one partner executed a deed for himself and partner, in the presence and by the authority of his partner, and it was held to be the deed of both. In *Harrison* v. *Jackson*, 7 D. & E. 206, one partner executed a deed for himself and his two partners, in their absence; and it was held that it was not the deed of the absent partners. Thus it appears, that although one partner cannot bind his co-partner by deed, yet a deed executed by one for himself and partner, in the other's presence and by his authority, is the deed of both. It is the presence of the partner that does not seal, constituting an implied assent, which is construed into an adoption of the seal as his own, that renders it obligatory upon him. In the case before us, the defendants

were present in the room while the agent was executing these covenants; but we cannot think that their being in the room constituted a being present, in the sense conveyed in *Ball* v. *Dunsterville*. In that case, the partner who did not seal must have been attending to, and cognizant of, what his partner was doing. Apart from such an idea, that case could not be distinguished from *Harrison* v. *Jackson*. In this case, the defendants were in the room; but it does not appear that they were paying any attention to the manner, in which their agent was executing the authority they had delegated to him. Besides this, in *Ball* v. *Dunsterville* the execution of the deed was the principal and the only important circumstance in the transaction. Here, the agent had authority to execute covenants for the defendants, and we are led to presume that the covenants he executed, were in their general form similar to those he was authorised to execute; so that the defendants might have been present, so as to know that he was executing covenants on their behalf, without having their attention directed, by any circumstance, to that particular part of the instruments in which he was transcending his authority. And if they did not know the particular form in which these covenants were expressed, their being in the room would not affect the case; as they could not be presumed to sanction that with which it does not appear they were acquainted. Therefore, admitting that although the agent transcended his authority, still if the principals, when they knew what he had done, assented to it either by expression or implication, his acts would be obligatory upon them; yet the plaintiff must fail in this part of the case.

Nor can the case derive any aid from the other branch of the testimony. These defendants, it seems, have another agent, who is transacting business for them relative to covenants executed by *Kitchell*, similar to those on which this action is founded, and liable to the same objections; and he conceives himself authorised by the defendants, to take up such covenants as if they were obligatory. Now what is the amount of this? Does it show that the defendants had any knowledge of the manner in which these covenants were executed, until they had oyer of them in the present action? It does not even show, that they knew the form of those other covenants of which the agent speaks; consequently, they cannot be supposed to have ratified

16

or adopted an act, of which it does not appear that they had any knowledge. The bare opinion of the agent, as to his authority relative to such covenants, is not of such a nature as to sustain any legal conclusion against the defendants. If the defendants, knowing how these covenants were drawn, authorised an agent to treat them as obligatory, it would present a different state of things. But, unless they possessed such knowledge, we cannot conceive how any act of theirs could be made to bear upon this question. They knew that *Kitchell* had executed covenants on their behalf, and might reasonably presume that he had executed them according to the authority they had delegated to him, and might appoint another agent to perform these covenants for them; but this would form no conclusion against them, if, before the performance, they should discover that *Kitchell* had exceeded his authority in the execution of the covenants. So that admitting the general doctrine contained in all the cases cited by the plaintiff, yet the want of a knowledge in the defendants that *Kitchell* had exceeded his authority, destroys every ground of conclusion against them, that can be raised either from their being in the room when these covenants were executed, or from their appointing another agent to perform similar covenants for them. A knowledge of what was done must necessarily precede any implied adoption or ratification of the act; and as we conceive that this evidence falls far short of showing that the defendants had such knowledge, we are of opinion, that the evidence will not warrant the idea that the defendants have ratified or adopted these acts of their agent, and that therefore the Circuit Court acted correctly (1).

*Per Curiam.*—The judgment is affirmed with costs.

*Judah*, for the appellant.

*Dewey* and *Tabbs*, for the appellees.

(1) Vide *Posey* v. *Bullitt*, Vol. 1. of these Rep. 99, and note.—*Flood* v. *Yandes*, id. 102.—*Deming* v. *Bullitt*, id. 241, and notes.