<span>MAIZE v. SEWELL.</span>

<br>

### MAIZE v. SEWELL.

A juror may be asked on the *voire dire,* in a civil as well as in a criminal case, whether he has formed or expressed an opinion on the merits of the cause.

ERROR to the *Fayette* Circuit Court. *Mary Sewell* was the plaintiff below; and *John Maize* the defendant. <span>Friday, December 15.</span>

Nov. Term, 1837.

MAIZE
v.
SEWELL.

SULLIVAN, J.—This is an action for breach of promise of marriage. ˙ Plea, non assumpsit. Verdict and judgment for the plaintiff. During the progress of the cause exceptions were taken to the writ, to a variance between the writ and declaration, and to the relevancy of the testimony offered by the plaintiff,—all of which are made a part of the record by bills of exceptions. It is not necessary for us to examine the points made upon the exceptions above referred to, because there is nothing in either of them which would induce this Court to disturb the verdict of the jury.

On another bill of exceptions filed in the cause, there is an error assigned which it is our duty to examine. That bill states "that on the trial, *Edmund J. Kidd* was called as one of the jury, to whom the defendant objected on the ground that *Kidd* had formed and expressed an opinion in the cause, and moved the Court for leave to ask said *Kidd* under oath, whether he had not formed and expressed an opinion in the cause, but the Court overruled the motion, and would not permit the question to be asked, and retained *Kidd* on the jury."

˙ It is contended by the plaintiff's counsel, that the Circuit Court erred in not permitting the juror to be asked the question named in the above bill of exceptions.

We regard the law as being now well settled, that it is a good cause of challenge to a juror that he has expressed an opinion on the merits of the cause he is called upon to try. In *Cooke's* case, 1 Salk. 153, it is said to be a good cause of challenge that a juror had expressed an opinion of the defendant's guilt. In *Blake* v. *Millspaugh*, 1 Johns. 316, it was decided that it was a valid exception to a juror's being sworn, that he had previously given an opinion on the question in controversy. So, in Bac. Abr. tit. Juries, letter E, (5), it is said, if a juror has declared his opinion touching the matter, it is a principal cause of challenge.

The difficulty is in determining how proof of such an expression of opinion is to be obtained,—whether by extrinsic evidence, or by questions put to the juror himself on the *voire dire?* It is undoubtedly true, that a juror cannot be required to answer a question with regard to such causes of challenge as tend to his dishonour or discredit, but when they do not, he may be interrogated on the *voire dire*. In criminal cases, it is said that the expression of an opinion against the prisoner is

a misbehaviour. Such an expression may be referred to something of personal ill-will towards him, which the Court in *Rex* v. *Edmonds,* 4 B. & Ald. 471, pronounces "a very dishonourable thing." In such cases therefore, a juror, were it not for the statute, could not be asked on the *voire dire,* whether he had not expressed an opinion in the case, because an answer in the affirmative might prove him guilty of a misbehaviour, and tend to his disgrace. In this state, however, the law is settled by statute. R. C. 1831, p. 197.—*M'Gregg* v. *The State, Nov.* term, 1835. But in civil cases this rule does not hold. A juror, in such cases, may be asked on the *voire dire* whether he has expressed an opinion in the case about to be tried, because he may have done so without being guilty of misbehaviour or any thing dishonourable. In *Cooke's* case for high treason, above cited from *Salkeld, Powell, J.* says, "In a *civil cause* you may perhaps ask a man if he has not given his opinion beforehand on the right, for he might have done that as arbitrator between the parties: *otherwise in this case."* Here, the distinction is drawn between civil and criminal causes. In the one case, it is regarded as dishonourable and perhaps mischievous in society to express an opinion; in the other, an opinion may have been expressed in the character of a peacemaker, and a friend to both parties.

We therefore think it is the right of a party to ask a juror on the *voire dire,* whether he has formed or expressed an opinion on the merits of the cause to be tried. The Court must decide, from the answer of the juror, whether he is disqualified or not.

*Per Curiam.*—The judgment is reversed, and the verdict set aside, with costs. Cause remanded, &c.

*C. B. Smith* and *C. H. Test,* for the plaintiff.
*S. W. Parker* and *J. Perry,* for the defendant.