*Z. Baird*, for the appellant.

─────────────

### GOODWIN *v.* BLACHLEY and Others.

A person who has formed an opinion on the merits of a cause from information derived from conversation with the witnesses, is incompetent to sit upon the jury.

The objection that a verdict is contrary to evidence meets with little favor in the courts, if there is any evidence from which a jury might fairly infer the fact ascertained by their verdict; but where the evidence in the record is not sufficient to support the verdict, it ought not to be sustained.

ERROR to the *Henry* Circuit Court.

STUART, J.—Debt on note for 438 dollars, purporting to be made by *Goodwin* and others. Plea, the general issue, sworn to. Trial by jury. Verdict and judgment for *Blachley & Co.* *Goodwin's* motion for a new trial having been overruled, he excepted and set out the evidence.

Three grounds of objection are assumed by counsel for *Goodwin*:

1. That one of the jurors was disqualified.

2. That the finding was contrary to evidence.

3. That certain instructions were erroneously given, and others erroneously refused.

The first question arises thus: One of the jurors being sworn and examined touching his competency, said he had heard a statement of the facts from a part of the witnesses; "but that his opinion would readily yield to the evidence, and he believed he could hear and determine the case as impartially as if he had never formed any opinion on the subject; that if the evidence should turn out as he had heard it, he thought his opinion would be the same as formerly; but that he would determine the case from the evidence here, and not from what he had previously heard." Upon this profession of impartiality, the objection to his competency was overruled. *Goodwin* excepted.

If this ruling is to stand, it is feared that its operation, in connection with the settled policy of this Court not to disturb a verdict unless the insufficiency of the evidence appears beyond all doubt, will work great hardship, and often injustice. Both rules, it seems to us, ought not to be rigorously supported. To say that a jury who have formed and expressed their opinion, shall find a verdict which is not to be disturbed, unless it appear to the dim vision of the appellate Court to be palpably wrong, shows a defect somewhere. At least, it has little to commend it to public confidence. The reason given in *Mann v. Clifton*, 3 Blackf. 304, why a verdict should not be disturbed, seems conclusive in favor of that rule. The mischief must, therefore, be in the selection of the jury.

The purity and proximate correctness of judicial proceedings depend chiefly on the impartiality, or, as the books term it, the indifference, of those whose duty it is to find the facts. These once settled, there is seldom any doubt about the law. When the jury system is eulogized, it means, of course, a jury composed of men of fair, unprejudiced minds. It goes on the presumption that passion, ill-will, preconceived opinions, and every-

thing unfavorable to a candid exercise of the judgment, is to be excluded from the jury-box. Impartiality can hardly be expected from the clearest intellect, if embarrassed in its action by an opinion both formed and expressed.

Some authorities say the test is, whether the opinion be fixed or trivial. But human ingenuity cannot devise means to measure the degree of tenacity in each case. Nor is the manner of forming the opinion, whether hasty or deliberate, by any means a sure test. The safe rule—that which will more certainly secure an impartial trial—is to regard those jurors only as competent who are altogether indifferent. From such a rule, in most of the counties containing from one to two thousand qualified jurors, with the supplemental aid of change of venue, &c., no practical inconvenience can ordinarily result. And if there should, the pure and impartial administration of justice is the great end to be attained, at whatever cost or inconvenience.

In the case at bar, the juror had both formed and expressed an opinion on the merits of the cause, and that, too, on information derived from the witnesses. Few minds could act under such impressions with entire fairness. However honest, the juror carried with him into the box a subtle and active element, not legitimately derived from the evidence. That the juror did not, after all, distrust himself, was the most cogent reason why the parties litigant should distrust him. Had he qualified his declared intention of being impartial with any doubt of his ability to be so, his intelligent candor might well have commended him to both parties as a safe juror; though it might not have restored his competency, if the objection was urged.

We, therefore, conclude, that when the juror has formed an opinion on the merits of the cause, on information derived from witnesses, he is disqualified.

This conclusion does not conflict with *McGregg* v. *The State*, 4 Blackf. 101, nor *Van Vacter* v. *McKillip*, 7 *id.* 578; though the reasoning in the one case may somewhat im-

pinge on that in the other. It is supported, to some extent, by the doctrine of the Court in the case of *Maize* v. *Sewell*, 4 Blackf. 447, and the authorities there cited. The case of *Irvine* v. *Kean*, has some similarity to the present case. A juror was challenged because it appeared he had heard the evidence and had formed and expressed his opinion. But he said his mind was always open to conviction on another state of facts. The Circuit Court permitted him to sit; but the Supreme Court reversed the judgment, holding that after the impression made on his mind by the evidence, there was danger of his being no longer impartial. 14 Serg. and Rawle 292. In the more recent case of the *People* v. *Bodine*, the whole subject of this species of challenge is elaborately reviewed, and it is laid down as the law, even in *England*, that the question for the triers is, whether the juror is, as he assuredly should be, altogether indifferent; and if they find he is not, they should reject him. 1 Denio 281. Reviewed and to this extent approved in the *People* v. *Honeyman*, 3 Denio 121. Following the lead of these authorities, we think the juror disqualified.

The second objection, that the verdict is contrary to evidence, seldom, we have seen, meets favor in the courts, if there is any evidence from which a jury might fairly infer the fact ascertained by their verdict. But a verdict which there is not sufficient evidence in the record to support, ought not to be sustained.

The general issue sworn to, threw on *Blachley & Co.* the proof of the execution of the note. The evidence showed that the name of *Wesley Goodwin*, as signed to the note, was in the hand-writing of *Richard Goodwin;* that *Wesley* could write, and, so far as disclosed, invariably signed his own name in his business transactions. But there is no evidence tending to show the authority of *Richard* to sign *Wesley's* name; except, perhaps, that *Wesley* was in company with the parties, and in the room where the note was signed; that he had been security on a former note, &c. But this is not sufficient, we think, in the absence of any evidence, that *Wesley* had

VOL. IV.—45

Nov. Term, 1853.

GOODWIN v. BLACHLEY.

authorized the signing, or recognized the act after it was done. *Modisett* v. *Lindley*, 2 Blackf. 119. Besides, it is in evidence that *Richard* was reckless in his business transactions, and that he had signed the name of *Shroyer* to the same note without authority. From all this, we think the presumption strongly against the authority of *Richard* to sign *Wesley's* name—no evidence from which a jury could fairly infer such authority. The motion for a new trial should have been sustained.

The third point, the instructions. We think those given embraced substantially those asked by the counsel for *Goodwin.*

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Rariden* and *C. H. Test*, for the plaintiff.

*J. S. Newman*, for the defendants.