Nov. Term, 1835.

M'GREGG
v.
THE STATE.

---

## M'GREGG v. THE STATE.

The record, in the case of an indictment, need not show that the indictment was signed by the prosecuting attorney, nor that there was a foreman of the grand jury.

In an indictment, a count charging a robbery from *A.* may be joined with a count charging an assault and battery with intent to rob *A.*

If an indictment for a felony contain several counts, and it be proved to be the design of the prosecuting attorney to convict the defendant of separate felonies, the Court will compel him to elect upon which count he will rely. But the mere circumstance of there being several counts is not, of itself, sufficient to require such an election to be made.

A petit juror, in a criminal case, being challenged, and examined on his *voire dire*, testified that he had formed and expressed an opinion as to the guilt of the defendant from report; that he had heard no witness as he knew of speak of the transaction; that he lived 18 miles from the neighbourhood of the defendant, and had not been there since the alleged commission of the offence. *Held*, that the challenge was not sustained.

If the verdict against the defendant on an indictment be informal, the jury may alter it on motion of the prosecuting attorney, with the consent and in presence of the Court, so as to give it the form of a general verdict of guilty.

ERROR to the *Montgomery* Circuit Court.

BLACKFORD, J.—*M'Gregg* was indicted in the *Montgomery* Circuit Court. The indictment contains five counts. The first three counts contain charges of robbery from the person of *William Bennett.* The last two counts are for assaults and batteries on *William Bennett*, with an intent to rob him. The record of the cause commences as follows:—Be it remembered that, at, &c., on, &c., before the judges, &c., by the oaths of *Richard Canine*, &c., (the other names are here inserted,) the grand jurors for, &c., impanelled, charged, and sworn, to inquire in and for, &c., upon their oaths present, that *Amariah M'Gregg*, &c. The prisoner moved the Court to quash the indictment, but the motion was overruled. He then moved

*Tuesday, December 1.*

Nov. Term,
1835.

M'GREGG
v.
THE STATE.

that the prosecuting attorney be required to elect to go to trial either on the counts in the indictment charging the defendant with robbery, or on those counts which charge him with an assault and battery with an intent to commit a robbery. This motion was also overruled.

The plea of not guilty was filed, and a jury called to try the cause. During the impanelling of the jury, one of the jurors was challenged by the prisoner, and was sworn to answer questions as to his indifference. He was asked by the prisoner the following question: "Have you formed and expressed an opinion as to the guilt or innocence of the defendant?" The juror answered as follows: "I have formed and expressed an opinion as to the guilt of the said defendant from report, but have heard no witness as I know of speak of the transaction. I live 18 miles from the neighbourhood of the defendant, and have never been in the defendant's neighbourhood since the transaction complained of." The challenge was disallowed by the Court, and the juror was sworn in chief.

The jury found a verdict against the prisoner as follows: "We the jury find the defendant, *Amariah A. M'Gregg*, to be guilty of an assault and battery with an intent to rob. We further agree that he is guilty of grand larceny. We further adjudge him to be imprisoned for six years at hard labour in the state prison. We further agree to fine him in the sum of 100 dollars." Upon this verdict being read by the clerk, the prosecuting attorney suggested to the jury to change their verdict as follows: "We the jury find the defendant, *Amariah A. M'Gregg*, guilty, and assess that he be imprisoned for six years at hard labour in the state prison, and fine him in the sum of 100 dollars." This alteration was accepted by the jury, and the verdict so varied was given by them accordingly. The prisoner objected to the recording of the verdict thus varied, and to the rendition of judgment thereon. This objection was overruled; the verdict as altered was recorded; and a judgment rendered conformably to the verdict as finally given.

The first objection is, that it does not appear that the indictment was signed by the prosecuting attorney, nor that the grand jury had a foreman, nor that the grand jurors were sworn at the term when the bill was found. There is nothing in this objection. The record need not show that the indict-

ment was signed by the prosecuting attorney, nor that there was a foreman; and it does appear, with sufficient certainty, that the grand jurors were impanelled and sworn according to law.

The second objection is, that there is a misjoinder of counts in the indictment, and that it ought for that reason to have been quashed. The question raised by this objection is, whether a count charging a robbery from *A. B.* can be joined with a count charging an assault and battery with intent to rob *A. B.?* And we are of opinion that they may be joined. The offences are of the same nature, and subjected by statute to the same punishment.

It is objected, in the third place, that the prosecuting attorney should have been compelled to elect, whether he would go to trial on the counts for robbery, or on those for an assault and battery with an intent to commit a robbery. Where there are two or more counts for apparently distinct felonies, as there legally may be in many instances, it cannot be a matter of course, as the plaintiff in error contends it is, for the defendant to compel the prosecutor to elect on which single count he will go to trial. If that were the case, it would at once render nugatory the established and legal practice of inserting several counts in an indictment for felony. There could be no possible use in inserting several counts, if the defendant could, in effect, have them all but one struck out of the indictment. The truth is, the different counts in an indictment for felony, are usually drawn with a view to one and the same transaction; and the object of inserting several counts is, that some one of them may be found, on the trial, to be in accordance with the evidence. This is a legitimate object, and the Court will never, in such a case, interfere with the proceeding. It sometimes happens, no doubt, that the prosecutor's object in inserting several counts, is really to prosecute the defendant for *separate* felonies by means of one indictment. This he has no right to do, and when it is ascertained before the trial that he intends to do it, the Court will defeat his design. But to enable the defendant to defeat the prosecutor's intention of trying him for separate offences, it lies upon the defendant to show the existence of such an intention. It was the want of proof of such intention which prevented the prisoner, in the case before us, from obliging the prosecutor to elect upon

Nov. Term, which of the counts in his indictment he would rely. The
1835. prisoner rested his motion on the single fact, that there were
M'Gregg several counts in the indictment; but that circumstance was
v. no evidence, of itself, that the prosecutor's object was to prove
The State. separate offences.

The plaintiff in error, as to this matter, refers us to a case in *Durnford & East's* Reports. Justice *Buller*, in that case, uses the following language:—"In misdemeanors, the case in *Burrow* (984) shows that it is no objection to an indictment that it contains several charges. The case of felonies admits of a different consideration; but even in such cases it is no objection in this stage of the prosecution, (after verdict). On the face of an indictment, every count imports to be for a different offence, and is charged as at different times. And it does not appear on the record, whether the offences are or are not distinct. But if it appear before the defendant has pleaded, or the jury are charged, that he is to be tried for separate offences, it has been the practice of the judges to quash the indictment, lest it should confound the prisoner in his defence, or prejudice him in his challenge of the jury; for he might object to a juryman's trying one of the offences, though he might have no reason to do so in the other. But these are only matters of prudence and discretion. If the judge who tries the prisoner, does not discover it in time, I think he may put the prosecutor to make his election on which charge he will proceed. But if the case has gone to the length of a verdict, it is no objection in arrest of judgment." *Young and Others* v. *The King*, 3 T. R. 105. These observations of Justice *Buller* are very satisfactory, but they are not in favour of the plaintiff in error. It does not appear by the record before us, that the Court was furnished with any information, independently of the indictment, that separate offences were to be tried.

The next error assigned is, that the Court committed an error in overruling the challenge to the juror. The juror testified, " that he had formed and expressed an opinion as to the defendant's guilt from report; but that he had heard no witness, as he knew of, speak of the transaction; that he lived 18 miles from the neighbourhood of the defendant, and had never been in the defendant's neighbourhood since the transaction complained of." The plaintiff in error contends, that this statement shows that the juror was not competent to sit on

the trial of the cause. The *English* law upon this subject is, that if the juror has declared that the prisoner is guilty, or will be hanged, or the like, the declaration if made out of ill will to the party is a good cause of challenge; but if the declaration was made from the juror's knowledge of the cause, it is no ground of challenge. 2 Hawk. Pl. Cr. 418.—*The King* v. *Edmonds*, 4 Barn. & Ald. 471. The latter part of this doctrine, viz. that if the juror's opinion arises from his knowledge of the case, it is not a cause of challenge, is disputed in the case of *Ex parte Vermilyea*, 6 Cowen's R. 555.

In support of the challenge, the plaintiff in error relies principally on the opinion of Ch. Justice *Marshall*, in the trial of *Burr*, and the opinion of Justice *Woodward* in the case of *Ex parte Vermilyea*, to which we have already referred. In *Burr's* trial, the Ch. Justice, in the course of his remarks, says,—"That light impressions which may fairly be supposed to yield to the testimony that may be offered, which may leave the mind open to a fair consideration of that testimony, constitute no sufficient objection to a juror; but that those strong and deep impressions, which will close the mind against the testimony that may be offered in opposition to them, which will combat that testimony and resist its force, do constitute a sufficient objection to him." 1 Burr's Trial, 416. In the case of *Ex parte Vermilyea*, the juror testified that he had heard the evidence at a former trial of the cause, and had made up his mind perfectly that the defendants were guilty; and that he had frequently expressed this opinion. He stated further, that he felt no bias against the defendants; that if the testimony on the present trial should appear as it did on the former, he should certainly find them guilty; but that he thought he was competent to give a verdict according to his oath and the evidence. The Court of Oyer and Terminer, in the city of *New-York*, overruled the challenge; but Justice *Woodward* afterwards, on an application for the allowance of a *certiorari*, decided against the competency of the juror. That case is not much like the one before us. The Judge, however, in his opinion cites a decision of Chief Justice *Spencer*, in a case of murder, which applies very strongly to the case we are considering. It is in these words: "If a person had formed or expressed an opinion for or against the prisoner, on a knowledge of any of the facts attending the murder, or from infor-

14

Nov. Term, 1835.

M'GREGG
v.
THE STATE.

mation of those acquainted with the facts, he considered it a good cause of challenge; but if the opinions of the jurors were formed on mere rumors and report, he decided that such opinions did not disqualify the jurors." This decision is approved of by Justice *Woodward,* and it met, as he says, with the decided approbation of the Supreme Court of *New-York.*

The statute which we have on this subject enacts, "That it shall be lawful for a defendant, or the Court, to require jurors to answer on oath, whether they have formed or expressed an opinion relative to the guilt or innocence of such accused person, and from the answer to such question, and to such others as may be asked by the permission of the Court, the competency of such jurors shall be determined upon by the Court." Rev. Code, 1831, p. 197 (1). We consider that, under this statute, when the juror answers that he has formed or expressed an opinion of the defendant's guilt, there are other inquiries to be made before the juror can be set aside. The nature and cause of the opinion must be inquired into. If it appear from the answers of the juror, or from any other testimony, that he has formed or expressed an opinion of the defendant's guilt out of ill will to the prisoner,—or that he has such a fixed opinion of the defendant's guilt, as will probably prevent him from giving an impartial verdict,—the challenge ought to be sustained. But if the opinion be merely of that light and transient character, so commonly formed when we hear any reports of the commission of an offence,—such an opinion merely as would probably be changed by the relation of the next person met with,—it is not a sufficient cause of challenge.

In the case under consideration, the juror's opinion was occasioned merely by reports. There was no proof that the opinion proceeded from ill will to the defendant, or that it was so firmly settled as to justify a belief that the juror would not do the defendant justice. The challenge, therefore, could not be sustained.

The last error assigned is, that the verdict was improperly amended, and that the amended verdict is consequently void. We do not see any thing in the transaction alluded to that is sufficient to avoid the verdict. The indictment contains two sets of counts: the first set for robbery; the second for an assault and battery with intent to rob. The jury found the defendant guilty of the charge contained in the second set of

counts, and also of grand larceny. The punishment assessed by the jury was adapted to the charges in the indictment. There was no charge of larceny. Under these circumstances, there was no error in the prosecuting attorney's ascertaining from the jury, in the presence of the Court and with its permission, whether it was a general verdict of guilty which they intended to find; and in his presenting them with the form of such a verdict, to be disposed of as they might think proper.

There is no error in the proceedings of the Circuit Court in this cause, and the judgment must be affirmed.

*Per Curiam.*—The judgment is affirmed with costs.

*A. S. White* and *D. Wallace*, for the plaintiff.

*W. Herod*, for the state.

(1) Accord, Rev. Stat. 1838, p. 222.