Per Curiam.
It was in the discretion of the court below whether they would require the district attorney to elect which count he would proceed upon ; and error, therefore, will not lie to review the question. The decision was not the subject of exception.
New trial denied, (a)

 As to the joinder of different offences in the same indictment, and the rights of the prisoner in case of an improper joinder, see the books cited by counsel in the principal case; also, 1 Chitty's Cr. Law, 252 to 255, Springf. ed. 1836 ; Barbour’s Cr. Treat. 297 ; Stark. Cr. Pl. 42, Storrs v. The State, (3 Missou. Rep. 9 ;) Frasier v. The State, (5 id. 536 ;) Hildebrand v. The State, (id. 548 ;) Commonwealth v. Hope, (22 Pick. 1, 6 ;) Covy v. The State, (4 Porter’s Rep. 186 ;) State v. Coleman, (5 id. 32 ;) The State v. Briley, (8 id. 472, 475 ;) The State v. Wisdom, (id. 511 ;) The State v. Fant, (2 Brev. Rep. 487, end note ;) Commonwealth v. Manson, (2 Ashm. Rep. 31 ;) McGregg v. The State, (4 Blackf. Rep. 101 ;) Hinton v. Brown, (1 id. 429 ;) Campbell v. The State, (9 Yerg. 335 ;) State v. Crank, (2 Bail. Rep. 66 ;) Tie Commonwealth v. Gillespie, (7 Serg. & Rawle, 469 ;) Buck v. The State, (2 Harr, & Johns. 426 ;) State v. Montague, (2 M’Cord’s Rep. 257.)