<div style="text-align:right; font-style:italic;">May Term, 1855.</div>

<div style="text-align:right;">MORGAN v. STEVENSON.</div>

## MORGAN and Another *v.* STEVENSON and Another.

*A.* being called as a juror and examined by the Court, touching his qualifications, said, that he had not formed or expressed an opinion in the case, nor had he formed or expressed an opinion as to which of the parties should succeed; that his mind was free to decide the case according to the evidence, though he had formed an opinion as to some of the matters in controversy. *Held*, that a challenge for cause would not lie.

The refusal of a specific instruction can not be alleged as error, where the instruction was given, substantially, by the Court, in a general charge.

*A.* and *B.* covenanted with *C.* and *D.* to furnish to the latter, at their distillery, &c., a specified quantity of slop, &c., during, &c., and also to furnish "good and sufficient pens, and keep them in repair, for feeding all the hogs" that the covenantees might wish to feed on the slop so to be furnished by the covenantors. In a suit against the covenantors for not keeping the pens in repair as stipulated, they asked the Court to instruct the jury that they were only bound to keep the pens in "ordinary repair." *Held*, that the instruction was correctly refused.

APPEAL from the *Dearborn* Circuit Court.

*Tuesday, May 29.*

DAVISON, J.— Covenant, upon a contract in writing, whereby *T.* and *D. Morgan*, who were the defendants below, agreed to furnish at their distillery in *New-Lawrenceburgh*, to *Hobbs* and *Stevenson*, the appellees, the slop of

one hundred and fifty bushels of corn per day, for the space of one year, to commence on the 1st of *March*, 1851, *Sundays* excepted; also excepting unavoidable accidents. The defendants further stipulated that they would furnish good and sufficient pens, and keep them in repair, for feeding all the hogs the said *Hobbs* and *Stevenson* might wish to feed on the slop to be so furnished by the defendants. It is alleged that pursuant to said contract, the plaintiffs, on the 1st of *March*, 1851, put and had in the defendants' pens, at their distillery, nine hundred head of stock hogs, to be fed and fatted in said pens. Among several breaches, the plaintiffs assigned the following: That the defendants did not furnish good and sufficient pens, and keep them in repair for the keeping of said hogs; but that the same were out of repair and insufficient. That they did not furnish slop made from good sound corn; but while the hogs were in said pens, the defendants mashed, used and distilled unsound and rotten corn, and fed said hogs upon the unsound and unwholesome slop therefrom. The defendants' answer led to issues of fact. Verdict and judgment for the plaintiffs.

A bill of exceptions shows that, while impannelling the jury, one *Jonathan Evans* was called, and being challenged by the plaintiffs, was examined before the Court, touching his qualifications as a juror; upon which examination, he said "that he had not formed or expressed an opinion in the case, nor had he formed or expressed any opinion as to which of the parties should succeed; that his mind was free to decide the case according to the evidence, though he had formed an opinion as to some of the matters in controversy." The defendants insisted that *Evans* was a competent juror; but the Court sustained the challenge.

If a person called as a juror has formed an opinion on the merits of the cause, such as would not readily yield to the testimony offered, he would be incompetent. His opinion must, however, be fixed and settled; for if merely light and transient, such as would leave the mind open to a fair construction of the testimony, it would constitute no sufficient objection to the juror. 1 Burr's Trial 416.

*McGregg* v. *The State*, 4 Blackf. 101, decides that the challenge of a juror is not sustained, though he had formed and expressed an opinion as to the guilt of the prisoner from report; but had heard no witness speak of the transaction. So in *Van Vacter* v. *McKillip*, 7 *id.* 578, a juror, being interrogated as to his having formed an opinion in the case, answered, "that he did not know but that he had formed an opinion in the case from rumor, but thought his opinion would readily yield to the evidence, if it should differ from the rumor he had heard." It was held, that the challenge was not well taken. We have recently decided that "a person who has formed an opinion on the merits of a cause, derived from conversation with the witnesses, is incompetent to sit upon the jury." *Goodwin* v. *Blachley*, 4 Ind. R. 438. In these cases, it will be seen that the reason which led to the pre-opinion of the juror is distinctly stated. But in the present case, the person called simply states that "he had formed an opinion as to some of the matters in controversy;" but "that his mind was still free to decide according to the evidence." The latter statement, it is true, would have no weight, if it appeared that his opinion was the result of ill-will to one of the parties, or grounded upon a knowledge of the facts of the case. But here the proposed juror, in effect, explicitly declares that he stands indifferent. And it seems to us, that in the absence of all evidence leading to the belief that the opinion so formed would not have readily yielded to the testimony to be given on the trial, we must believe what he has said on the subject. Unless this be done, the propriety of examining a juror at all on his *voire dire*, is not obvious. We are advised that the Supreme Court of *New-York*, in *The People* v. *Mather*, 4 Wend. 229, is in conflict with the view just taken; but a majority of this Court are not inclined to follow that case.

The party who challenges for cause must show that the juror is not qualified. If the plaintiffs had extended the examination of *Evans*, so that the grounds upon which his opinion was based would have been fully disclosed, it would then have become important to inquire whether

May Term, 1855.

MORGAN
v.
STEVENSON.

such grounds were sufficient to produce impressions calculated "to resist the force of the evidence to be offered in opposition to them;" but in the case before us, we have nothing more than the simple statement of the proposed juror, "that his mind was free to decide the case according to the evidence." This statement, being unrebutted, must be taken as true. The result is, the challenge should have been overruled.

The defendants, at the proper time, moved the Court to charge the jury—1. "That if, in consequence of a bad season for growing corn, the crop produced in the year that plaintiffs fed hogs at the defendants' distillery was of an inferior quality, they are not to be held accountable for any loss sustained by the plaintiffs for that cause." 2. "That the defendants were only bound to keep the pens in ordinary repair." These instructions were refused.

The first instruction raises no point in the case, because it was substantially given by the Court in its general charge. The jury were told, that "if the defendants furnished reasonably good corn for the season, that is all that could be required of them." "If they failed to furnish reasonably good corn for the season, they would be responsible for the damages occasioned thereby." The refusal to give the first instruction can not, therefore, be deemed erroneous.

The terms "ordinary repair," used in the second instruction, do not seem to express the spirit and intent of the contract. The defendants bound themselves "to furnish good and sufficient pens, and keep them in good repair." From this, we understand, not only that the pens were to be "good and sufficient," but that they were to be kept in good and sufficient repair. In other words, the defendants were bound to keep the pens in such a condition as would enable the plaintiffs to realize the full benefits to be derived from that stipulation. Such repair as was common or ordinary might not be a fulfilment of the contract.

For the error in sustaining the challenge, this judgment must be reversed.

STUART, J.—I am of opinion that the juror in this case was disqualified.    On his examination, he said that "though he had formed an opinion as to some of the matters in controversy, yet that his mind was free to decide according to the evidence."

The question here raised directly, was touched incidentally in the case of *Goodwin* v. *Blachley and Others*, 4 Ind. R. 438.

There are two objections to the reasoning of the Court in the present case, which, to my mind, are conclusive against the ruling.    The first relates to the rule or test applied ; the second to the qualification of the juror after the application of the test.

1.  As to the test to be applied to ascertain the qualification of such a juror.    In the opinion of the majority of the Court, it is said, that "in the absence of all evidence leading to the belief that the opinion so formed would not have readily yielded to the evidence given on the trial, we must believe what he has said."

This is reviving the rule shadowed forth in *McGregg* v. *The State*, 4 Blackf. 101, that the nature and cause of the opinion should be inquired into, to ascertain whether it be a fixed opinion, or whether it be of a light or transient character.    The futility of such a rule was deeply felt by the judge who delivered the opinion in the case of *Goodwin* v. *Blachley*.    But as that point was not directly raised, the inquiry was not pressed.    Nor had the authority cited below, at that time, fallen under my notice.    Hence, only a doubt of the soundness of such a doctrine was hinted, and a few of the cases going to establish a more rational and practical rule cited.

Since then, the case of *The People* v. *Mather*, 4 Wend. 229, has been carefully examined, and its reasoning seems to me conclusive against the ruling in *McGregg* v. *The State*, and the authorities there cited to support it.

*The People* v. *Mather* was determined in the Supreme Court of *New-York* in 1830.    *McGregg* v. *The State* was decided in this Court in 1835.    The very cases cited in support of the ruling in our Court, both *English* and *Amer-*

*ican,* are cited and reviewed in *Mather's* case, *supra.* The case particularly relied upon in our Court, *The People* v. *Vermilyea,* (6 Cowen and 7 Cowen,) is reviewed and overruled in a masterly opinion by Mr. Justice *Marcy.* We can not do better than to present the question, as far as may be, in his own words.

" Every change of facts does not necessarily call for a modification of a rule of law. However changed the facts may be, if the reasons for the rule remain, it must be applied. Why is a juror who has formed or expressed an opinion upon the merits, to be set aside in any case? Because he is not supposed to be indifferent to the result. Such an opinion, in presumption of law, is the effect of prejudice or partiality operating on his mind, perhaps without his consciousness.

" We are asked to distinguish between an opinion formed by hearing the testimony of witnesses, and one founded on rumor; and to say that the former shall be evidence of partiality and the latter not. They who believe on the slightest evidence, or no evidence at all, manifest, in my judgment, a state of mind less prepared to receive and allow a fair defence, than those who believe on proof which furnishes *prima facie* evidence of guilt. If in any case it would be safe to admit a juryman who had formed an opinion, the presumption of impartiality would certainly be stronger in favor of him who founds his belief on authenticated facts, than of him who has given credence to vague and groundless rumor. If, says C. J. *Marshall,* the juror has made up his opinion, but has not heard the testimony, such an excuse makes the case worse. 1 Burr's Trial 370. The law, I apprehend, attaches the disqualification to the fact of forming and expressing an opinion, and does not look beyond to examine the occasion or weigh the evidence on which that opinion is founded. 1 Burr's Trial 419.—1 Johns. R. 316.—1 Cow. 432." Such is the masterly reasoning of Mr. Justice *Marcy.*

2. On the second point, the reasoning of the same distinguished judge is equally clear and conclusive.

" In the opinion of the witness he had no bias; for

though, if what he had heard were true, he had a fixed opinion of the defendant's guilt, yet if the facts should not be proved, his present belief would be removed. This ac- count of the juror's state of mind is not remarkably perspicuous. Too much stress ought not to be laid on his own declaration, that if the circumstances on which his opinion was founded should not be supported by evidence, his opinion of the defendant's guilt would be removed. The disqualifying bias which the law regards, is one which, in a measure, operates unconsciously on the juror, and leads him to indulge his own feelings, when he thinks he is influenced entirely by the weight of evidence. 1 Chitty Cr. L. 443.—Bac. Ab., tit. Jurors, E. 5. If he is sincerely determined to discard his prejudices, he is not to be received, because the law does not hold him capable of doing so. He will listen, as C. J. *Marshall* has correctly observed, with more favor to that testimony which confirms than to that which would change his opinion. It is not to be expected that he will weigh evidence or argument as fairly as a man whose judgment is not made up in the case."

These views are not expressed thus in the opinion consecutively, because they are interspersed with other observations on matters of practice peculiar to the Courts of *New-York*, in the mode of testing the competence of jurors, and observations on other collateral topics of no interest to us. But they are the substance, somewhat condensed, of the opinion of the Court on that branch of the case. The qualifications of *Martin*, one of the persons presented as a juror and rejected by the Court below, (Judge *Gardner*, now of the Court of Appeals, presiding,) was the point directly in judgment; and it was unanimously decided by the Court in accordance with the views above expressed.

The reasoning of the Court in that case, I fully subscribe to and adopt in this. That the one is a criminal, the other a civil case, can, on principle, make no difference. In every case, it is the constitutional right of the party to have an impartial trial by jury. Constitution, art. 1, sec. 20. It is in vain that in all civil cases the right of trial by

jury shall remain inviolate, if that jury may be composed of any but impartial men.

For these reasons, and those of a similar character hinted at in *Goodwin* v. *Blachley*, I am of opinion that the juror was disqualified.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

/ *J. Ryman*, for the appellants.

*D. S. Major*, for the appellees.