At this term, John A. Morris was indicted under an Act of the Legislature passed at the last session, for unlawfully drawing lotteries in the State without special license and authority therefor, and by which *Page 125 
two members of the bar, Eli Saulsbury and Joseph P. Comegys, Esquires, were appointed, authorized and empowered to prepare bills of indictment in behalf of the State, to sign them with their names as Attorneys in that behalf for the State, and submit them to the grand jury, and to summon witnesses in the name of the State to sustain the charges contained in them before the grand jury, and if found, to proceed to try them, and that they should have for the purpose of such indictment and trial all the powers usually exercised by the Attorney General in the trial of criminal cases, against all and every person or persons who since the passage of the act of the General Assembly of this State (Volume 12, Chapter 196) had presumed or might thereafter presume to draw lotteries in the State contrary to the provisions of the first section of that; act and of the Revised Statutes of the State, unless the Attorney General should submit indictment or indictments as above contemplated against the violators of that act and the Revised Statutes as aforesaid, to the grand jury of New Castle County within the first three days of the then next ensuing May Term of the Court of General Sessions in that county. Del. Laws. Vol. 12, Chap. 321,Sec. 3.
T. F. Bayard. The Attorney General is an officer of the State by virtue of an express provision of the constitution and is recognized as such by other provisions of it, and by virtue of another provision of it he is required to be sworn or qualified to maintain the constitution of the United States, the constitution of the State, and to perform *Page 127 
the duties of the office with fidelity; and those duties comprise, of course, the powers of it also. And to ascertain what those duties and powers are, we must have recourse to the laws and institutions of the country from which we have derived the great body of our law and legal institutions, and to the uniform and long-established usages, functions and practice of the office in connection with the Courts, and chief among these is the exclusive power vested in, and of course, the correlative duty exclusively devolved upon him, of instituting by indictment under his sanction and authority of all criminal prosecutions for indictable offenses and prosecuting them in the Court; and this is pre-eminently his appropriate constitutional function as a State officer. And under the constitution it can be filled by the appointment of the Governor only. And such being the case, the Legislature has no power whatever under the constitution to oust or remove the incumbent from it, or to supplant him in it even temporarily by appointing others, or by substituting another or other members of the bar to perform the duties, or exercise the power of the office in any case, or to delegate his official duty, authority and discretion to another in the prosecution of any indictable offense. But the indictment itself as drawn was essentially defective, because it contains no averment that the drawing of the alleged lottery by the defendant was contrary to the provisions of the act of cesser, Del. Laws, Vol. 12, Chap. 196, and of the general act in the Rev. Code, Chap. 132; and no averment that no indictment for the alleged offense in question had been submitted by the attorney General to the grand jury of this county within the first three days of the present term of this Court, and which was indispensably necessary to be alleged in the indictment, inasmuch as it is made by the express terms of the statute appointing them, the condition on which the power and authority of the counsel for the State in the case to submit it to the grand jury and to prosecute it in this Court, entirely depends. *Page 128 
 Eli Saulsbury. In England the Solicitor General may prosecute in the name of the crown and on behalf of the King, as well as the Attorney General, and although in general informationsex-officio are filed by the latter alone, it is holden that in case of a vacancy in that office, they may be properly filed by the former, and without its being necessary to suggest on the record the cause of the variance from the usual proceeding. And it appears that in case of the illness of the Attorney General, or his interest in the subject matter, or for other sufficient reason, the King may appoint another to sue for justice in his name. 1 Ch. Cr.Law, 844. But the motion to quash is addressed to the discretion of the Court, and it would be error to do it in a case like this, because the Court will only quash for matter appearing in the body or the caption of the indictment, and not for matter extrinsic to it.Amer. Crim. Law, Sec. 520. 10 Sm. Mars. Rep.
192. 4 Black. 101. 26 Ala. 58. 22 Ala. 17. 5Ark. 453.
Comegys. We have a statute which provides that if the Attorney General neglects to attend the Courts and perform his duties, he shall be fined and the Court shall appoint another person to perform them. Del. Laws, Vol. 1, p. 57. And the Legislature has the power to abolish the office, for it might appoint a Solicitor General to perform all the functions and discharge all the duties of his office, or it may by law delegate all the powers of it to any one else. But the Courts usually refuse a motion to quash for a defect apparent even on the face of the indictment when the offense is grave or serious, and will leave the party to his demurrer, or motion in arrest of judgment, or writ of error. 1Ch. Cr. Law 300. As to the other objections the Court would observe that there were two sets of counts in the indictment, in both of which it is alleged that the drawing of the lottery by the defendant is contrary to the acts of the General Assembly in such case made and provided, and which, of course, embraced every act which prohibited it. The *Page 129 
other averment insisted on as essential was not necessary, as it was wholly independent of, and had nothing to do with, the offense set forth in the indictment, but was an extrinsic fact to be proved on the trial of it merely in order to sustain it. But it is the settled practice of the Courts not to quash indictments, except for errors gross and apparent on the face of them.
James A. Bayard, for the defendant. The act involves a usurpation of power on the part of the Legislature to appoint in a mode not known to the constitution, persons to perform duties devolved by it on the Attorney General in criminal prosecutions. He is the public prosecutor of the administration of criminal justice in the State, and if not the only, is the highest, law-officer in it. And the office is as clearly established by the constitution for the prosecution of criminal cases when by indictment, as the Judges are who constitute the Courts which hear and decide them, and their respective offices are filled in like manner by the appointment and commission of the Governor solely, the Judges during good behavior, and the Attorney General for the term of five years, if he shall behave himself well so long in said office, and if he does not, the constitution further provides for his removal from it; and neither his duties or his powers for this purpose can be transferred by the Legislature to another in any case whatever, nor can the office be abolished without amendment and alteration of the constitution in the several distinct provisions in which it is expressly recognized as a State office existing under it. In every indictment founded on a statute, all that is essential to constitute the offense under the statute must appear in the indictment by the necessary averments, and if any such averment is wanting in it, it is a good ground for a motion to quash it. The gentlemen who appear as public prosecutors in the place of the Attorney General in this case, are but temporary agents of the Legislature acting under a special authority, and if it were valid, would they not be *Page 130 
bound to show affirmatively that they were proceeding in all material respects, in strict conformity with it? Now, all the powers purporting to be conferred upon them are purely conditional by the express terms of the act, the first of which is the power to prepare in their own names in behalf of the State, a bill of indictment and to submit it to the grand jury of this county in every such case as they allege this to be, while that condition on which it entirely depended was, unless such indictment or indictments should be submitted by the Attorney General to the same grand jury within the first three days of the then next ensuing term of the Court of General Sessions in this county, and which is the present term of this Court. The indictment before us shows that it was prepared by them, signed with their names, instead of with the name of the Attorney General, and was submitted by them to the grand jury, and that it has been found and returned to this Court by that body, but not a word is alleged in it in regard to the express condition on which their power to draw, sign and submit it to the grand jury, absolutely depended. And under the special authority thus conditionally conferred upon them, was it not on the plainest principle of logic, as well as pleading, just as necessary that the occurrence of that condition precedent should be alleged in the indictment, as that it should be alleged or appear on the face of it, that they prepared, signed and submitted it to the grand jury? On the other point our position is this. Under the act of the last session, no one, neither this defendant, nor any one else, can be indicted for drawing a lottery, unless it affirmatively and satisfactorily appears that he drew the same under a pretended right claimed by him under the lottery act and grant of the Legislature in 1859 and which had been declared forfeited by the act of the Legislature in 1862, contrary to the provisions of the act last referred to, and the provisions of the general statute on the subject contained in the Revised Code. Because the power conferred on these agents to indict and *Page 131 
prosecute is not only a special and specific power, but the offense to which it applies is special and specific, while the jurisdiction of the Court under the act of 1862 is also special and specific, for by the terms of these acts it is expressly restricted and confined to the offense of drawing a lottery only when it is committed by any one under a pretended right claimed under the act of 1859, and which, as he had before remarked, the Legislature had declared forfeited by the act of 1862. And yet, nowhere is it alleged in the indictment that the drawing of the lottery for which the defendant is indicted, was made by him under such a pretended right or claim; not is the particular character of the offense, or the special and specific offense for which alone he could have been indicted under this special act, any where alleged or defined in the indictment.
The office of Attorney General in this State was derived with the body of our law, criminal as well as civil, from the mother country, where he is a great officer under the King and appointed by him to prosecute for the crown in matters criminal especially, and is clothed with a high official discretion, and is the sole judge as to the necessity and propriety on the law and the facts involved in such cases of instituting indictments in them; and here he is a high constitutional officer of the State appointed by the Executive to prosecute for and in the name of the State by indictment in criminal cases here, and is clothed with a like official discretion and judgment in regard to the necessity and propriety of instituting such prosecutions. And it had been judicially decided in the State of New York that when the Legislature assumes the power to take from a constitutional officer the substance of the office itself, and to transfer it to another who is to be appointed in a different manner and is to hold it by a different tenure than that provided for by the constitution, it is not a legitimate exercise of the right of the Legislature to regulate the duties or emoluments of the office, but an infringement upon the constitutional mode of appointment.Warner v. The People, 2 Denio 281. *Page 132 
 The Court, a majority of whom held that as the office of Attorney General in this State is provided for and recognized in several clauses of the constitution, it is a constitutional office of the State, and as the mode of filling it established by the constitution is by executive appointment without the approval or concurrence of either branch of the Legislature, and tenure of it is for a term of five years, it was not within the constitutional power and authority of the Legislature to enact the provisions of the statute specially referred and objected to in this case, and that of itself constituted a good and sufficient ground for quashing the indictment; and ordered it to be quashed, Gilpin, Chief Justice, dissenting. *Page 133