## Trout and Another *v.* Williams.

Jurors.—Examination of.—On the trial of a cause, in which one of the material issues was whether a partnership had existed between certain persons, the court refused to allow the persons called as jurors to be asked whether they had formed or expressed an opinion as to the existence of such a partnership.

*Held,* that the refusal to allow the question was error.

Depositions.—Certificate.—Where the certificate to depositions, which purported to have been taken before the clerk, was signed in the clerk's name by a deputy, it was held that the taking of the depositions and the making of the certificate must be construed to be the act of the clerk, the deputy simply signing his principal's name by his authority.

APPEAL from the *Johnson* Common Pleas.

Ray, J.—On the examination of each juror on his *voire dire,* the appellants, who were the defendants, asked this question:

"State whether, or not, you have formed or expressed an opinion whether *Abraham Trout* and *Levi Trout* were partners in the dry goods business, in the town of *Lebanon, Boone* county, *Indiana,* during the year last past."

The court refused to permit this question to be answered and accepted the jurors. This was error. The question went to a material issue in the case, and if the juror had answered in the affirmative, and had not disclosed that such an opinion was formed from mere rumor, and would not disqualify him from deciding upon the evidence alone, such answer would have excluded him from the jury-box. This ruling does not conflict with the decision of *Morgan* v. *Stevenson*, 6 Ind. 169. There the examination was permitted, and the juror stated "that his mind was free to decide the case according to the evidence, though he had formed an opinion as to some of the matters in controversy." It is said in that case, that if the party desired to exclude the juror, the examination should have been continued to determine how his opinion had been formed, whether from rumor or from conversation with witnesses or parties, or from prejudice; that inasmuch as his answer stated that his mind was free to act from evidence alone, he could not be rejected at that point of the examination. It cannot be fairly claimed that that decision justified the refusal of the court in this case to permit the testing of the juror's qualification by an examination.

It is assigned as error that the court refused to suppress certain depositions certified to have been taken before the clerk of *Boone* county, in accordance with proper notice, because the certificate, although made in the name of the clerk, was signed in his name, "per *L. Lane*, deputy." We think the taking of the depositions and the making of the certificate must be construed as the act of the clerk, the deputy simply signing the name of the clerk by his authority. There was no error.

There were exceptions taken to the refusal of the court to permit certain questions to be asked on the trial, but as we see no error in the ruling of the court in this matter, we will not discuss these assignments, as the case must be reversed.

Errors are also assigned upon instructions said to have

been refused, and others said to have been given. What the nature of these instructions were, counsel have not considered it of sufficient importance to inform us in their abstract, and in deference to their judgment we limit our labors by their own.

The judgment is reversed, with costs, and the cause remanded.

*S. P. Oyler* and *D. W. Howe*, for appellants.

*D. D. Banta* and *C. Byfield*, for appellee.