By the Court:
1. On a trial for rape, or for assault with intent to commit a rape, the acts and declarations of the husband of the woman on whom the offense is alleged to have been committed, are not admissible to discredit the wife examined as a witness. Jefferson v. The State, 6 Ired. Rep. 305.
2. Whatever may be the rule elsewhere, it is settled in Ohio, that in a prosecution for rape, or for assault with intent, etc., the “ substance of what the prosecutrix said,” or the “declarations” made by her immediately after the offense was committed, may be given in evidence, in the first instance, to corroborate her testimony. Johnson v. The State, 17 Ohio Rep. 593; Laughlin v. The State, 18 Ohio Rep. 99.
3. The character for chastity of the prosecutrix, in this class of cases,"cannot be impeached by evidence of particular acts of unchastity, but only by general evidence of her reputation in that respect. Nor can she be interrogated as to previous criminal intercourse with persons other than the accused himself; nor is such evidence of other instances admissible. Pleasants v. The State, 15 Ark. Rep. 624; Camp v. The State, 3 Kel. (Ga.) Rep. 417; State v. Jefferson, 6 Ired. Rep. 308; Rex v. Clark, 2 Stark. Rep. 241; People v. Jackson, 3 Park. Crim. Rep. 391; 1 Greenl. Ev. 596; 3 Greenl. Ev. 214; 3 Starkie Ev. 1270; 2 Phil. Ev. 419.

Judgment affirmed.