## THE PEOPLE v. FELIX McARDLE.

On the trial of an indictment for seduction, under a promise of marriage, the prosecutrix testified that she had never had sexual intercourse with any other person than the defendant. *Held*, That it was competent on the part of the defense to contradict her evidence, either directly, by actual proof of such intercourse with others, or by facts from which the jury could infer such intercourse; and that, for the latter purpose, it was proper to prove by a witness that he had seen her commit wanton or lewd acts towards some other person than the defendant.

THIS case comes before the court on *certiorari*.

The plaintiff in error was tried and convicted on the 15th of March, 1861, in the New York General Sessions, upon an indictment charging him with the seduction, under promise of marriage, of one Ann Donnelly.

The prosecutrix was called as a witness on the trial, and testified, among other things, that she had never had any sexual intercourse with any other person than the defendant.

During the progress of the trial the defense put to its witnesses the following questions in relation to the prosecutrix: 1st. "Do you know her character for intemperance and indecent behavior?" 2d. "Have you seen her playing at cards, swearing and drinking to intoxication, on the same occasion?" To these questions the People objected, on the ground that

the only admissible evidence on the subject of chastity was evidence of sexual intercourse previous to the seduction. The court sustained the objection on this ground. Exceptions there taken. 3d. "Did you ever hear her use any indecent, obscene language; and, if so, state what it was, and under what circumstances it was used?" 4th. "Did you ever see the complainant commit any wanton or lewd act towards McGaines?" The district attorney objected generally to these questions, which objections were sustained, and exceptions taken. 5th. "Do you know the general moral character of the complaining witness?" The district attorney objected generally; the objection was sustained, and exception taken.

*John Sedgwick*, for plaintiff in error.

I. The prosecution is bound to show the woman to be of "previous chaste character." (3 *R. S.*, *5th ed.*, *p. 942, sec. 26.*) The statute against abduction has like words. (*Ib., p.* 943, *sec.* 27.) The individual has no protection from the criminal law, if she have so broken down the safeguards to her own virtue, that the influence obtained over her by the promise of marriage is not, in fact, the cause of her seduction. Society will not be injured when the seduction occurs to a female already unchaste, and therefore not made less capable of performing her obligations in all the relations of society.

II. The words "of previous chaste character" must necessarily refer to the moral condition of the female, her conscience, her passions, &c. It cannot mean physical attribute or condition. They make no part of character. If this be correct, it satisfies the reasons for the statute.

III. Evidence of general reputation, or of specific acts of the female, is competent proof of unchastity of character. (*Carpenter* v. *The People*, 8 *Barb. R.*, 603; *Stafford* v. *The People*, 1 *Park. Cr. R.*, 474; *Crozier* v. *The People*, 1 *Park. Cr. R.*, 453.)

IV. If it be not necessary to show an act of sexual intercourse to prove unchastity of character, the questions overruled were directly relevant. They might have shown obscen-

ity, intemperance, profanity, coupled with intoxication and lewd and wanton acts toward a man. If a female combined all these vices, could a jury or a court pronounce her to be of "chaste character?"

But if it be granted that the statute refers to a single test of chastity, i. e., to sexual intercourse, as the only definite or uniform mode of judging, then, if a jury might infer from the facts proposed by the questions that sexual intercourse had occurred, though with an individual not specified or unknown, the questions should have been admitted.

If a jury could have seen the prosecutrix swearing, drunk, using obscene words, and doing lewd and wanton acts toward a man, what would they have pronounced her?

V. The question, Do you know the general moral character of the complaining witness? was improperly overruled, because of the considerations stated above, as it is settled that general reputation is admissible to show unchastity of character, and also as a proper foundation for a question to be put as to whether the complainant could be believed under oath. (*Gilbert* v. *Sheldon*, 13 *Barb. R.*, 623; *People* v. *Johnson*, 3 *Hill R.*, 178; 2 *Phillips on Ev.*, *p.* 956, *note* 598.)

*John H. Anthon*, for the defendants in error.

I. The court was correct in ruling that the only admissible evidence on the subject of chastity, was evidence of sexual intercourse previous to the seduction, and this ruling is sustained by the authorities in this State. (*Crozier* v. *The People*, 1 *Park. Cr. R.*, 453; *Stafford* v. *The People*, *Id.*, 474; *Carpenter* v. *The People*, 8 *Barb. R.*, 603.)

II. This ruling accords with the general and usual significance of the words "previous chaste character" used in the statute. (*Worcester's Dictionary*, new ed., "chaste" and "chastity;" *Webster's Dictionary*, *Id.*)

III. The policy of the law indicates the ruling adopted by the court. It contemplates a "chaste character" "previous" to the seduction, and necessarily terminated by it; and this

in reference both to a supposed additional turpitude in the offender, and the greater injury to the woman.

IV. The question as to the general moral character of the complainant, was wholly inadmissible in relation to the chastity of the complainant, and it was also inadmissible as evidence to impeach the credibility of Ann Donnelly.

1. It was offered as evidence upon the question of chastity, and not upon the question of credibility, as is shown by the connection, the absence of any offer of further question connected with it, and of other assault upon the credibility of the witness; and a party who neglects at the proper time to state the object of testimony objected to, or to offer the questions necessary to make it relevant, is not at liberty, after verdict, to hunt out some aspect of the case not touched by other testimony to which it might have been relevant. (*Whart. Am. C. L.*, 998, 3d ed; *Barksdale* v. *Toomer*, 2 *Bailey R.*, 180; 2 *Graham & Waterman, New Trials*, 669; *Rex* v. *Grant*, 3 *Nev. & Mann. R.*, 106.

2. The proper question as to the general character of a witness, in relation to his credibility, is: "From your knowledge of his general character, would you believe him under oath?" and though for convenience this question may be divided, yet all of its component parts must be offered, and preceded by proof that the witness knows the character he is to speak of. (*Roscoe Cr. Ev.*, 176, *and cases cited;* 2 *Phillipp's Ev.*, 955, 4th ed.; *People* v. *Mather*, 4 *Wend. R.*, 259; *Gilbert* v. *Sheldon*, 13 *Barb. R.*, 623; *Beekman* v. *Rose*, 18 *Wend. R.*, 146; *Johnson* v. *People*, 3 *Hill R.*, 178; *U. S.* v. *Vansickle*, 2 *McLean R.*, 219; *Thayer* v. *Boyle*, 30 *Me. R.*, 475; *Wilie* v. *Lightner*, 11 *Serg. & Rawle R.*, 198.)

V. All questions as to specific acts were rightly excluded, as not proper to show general character or to impeach. (*Fulton Bank* v. *Benedict*, 1 *Hall S. C. R.*, 558; 2 *Phillipp's Ev.*, 956, 4th ed.; *Roscoe Cr. Ev.*, 176.)

VI. Most of the questions excluded, so far as they are alleged to have been applicable to the previous chaste charac-

ter of Ann Donnelly, were objectionable from the omission to confine them to a time previous to the seduction.

*By the Court,* INGRAHAM, J.   The public prosecutor proved, on the trial of this case, by the prosecutrix, that she had never had any sexual intercourse with any other person than the defendant.   Whether such evidence was necessary or not on the part of the People, is immaterial.   The evidence was given, and had its effect on the jury in deciding the case. The defendant then had a right to contradict this evidence, either directly by actual proof of such intercourse with others, or by facts from which the jury could infer such intercourse to have taken place.   For the latter purpose, we think the questions as to the unchaste conduct of the prosecutrix were proper, and should have been received.   They were properly within the class of evidence which might go to the jury on the question of chastity.   The fourth question, "Did you see her commit any wanton or lewd acts towards McGaines?" was specially applicable to this branch of the case; and the answer might have been such as to warrant a jury in disbelieving the assertion of the prosecutrix to the contrary.

The judgment must be reversed, and a new trial ordered in the Sessions.