MINERVA FORD, a minor, by her guardian Ezra R. Hall, *vs.*
STEPHEN U. JONES.

In an action, by a female, for assault and battery, where it is alleged, by way
of aggravation, that the defendant, being the family physician of the plain-
tiff, taking advantage of his position, took indecent liberties with her person,
and attempted to have sexual intercourse with her; and that by means of
the said grievances the plaintiff suffered in body and mind, and was pre-
vented from attending to her ordinary affairs; and the details of the act, as
proved, are such as are calculated to aggravate the case, and to call for
vindictive damages; the plaintiff's suffering in mind by reason of the shock
to her moral sensibilities, is a fair subject of consideration by the jury.

But the plaintiff's own acts which are not a part of the *res gestæ*—not occur-
ring at the time—are not admissible evidence in proof of the mental suffering.
She cannot prove her own acts, at a period of time subsequent to, and some-
what remote from, the time of the alleged injury, for the purpose of establish-
ing such mental suffering.

When a plaintiff's character for chastity is directly in issue upon the question
of damages, it is competent to disparage it by proving specific acts of lewd-
ness and immorality.

In such a case it is error to rule that the plaintiff's character for chastity can
be attacked only by proof of general reputation.

ACTION for assault and battery, tried at a circuit in
Cortland county.

The complaint, by way of aggravation, alleged that the
defendant was the family physician of the plaintiff, and
that, taking advantage of his position, he took indecent
liberties with the plaintiff's person, and attempted to have
sexual intercourse with her, particularly detailing the
acts; and that, by means of the said grievances the plain-
tiff suffered in body and mind, and was prevented from
performing her necessary affairs. The answer denied
generally every allegation. A verdict was obtained in
favor of the plaintiff, judgment entered thereon, and an
appeal brought to this court, therefrom.

*Ballard & Warren,* for the plaintiff.

*Wm. W. Hare,* for the defendant.

Ford *v.* Jones.

*By the Court*, POTTER, J. Two questions seem to have arisen, upon the trial, upon the rulings of the judge, which demand examination: 1st. What questions a jury may consider, as a basis of damages; and, 2d. What evidence the defendant may give to mitigate damages. Both these questions were ruled upon by the judge, and exceptions taken to the ruling.

1. The plaintiff proceeded upon the theory that she was entitled to recover for her sufferings of mind, by reason of the shock to her moral sensibilities. And evidence was offered for this purpose, and received by the judge, under objection. Her husband was then permitted to testify that he observed a change in her; that he found her crying, many times; saw a change in her manner towards him; she seemed to have something on her mind; she acted as though she was sick, or something else was the matter; she shed tears; he went into the house several times, and found she had been crying, &c. If this was admissible evidence, it was calculated to have a material bearing on the case, and upon the question of damages, which belonged to her, and not to her husband. He was not a party. Doubtless every act of the defendant that could aggravate the damages, is admissible. The details of the act, as proved on the part of the plaintiff, (if believed,) were such as were calculated to aggravate the case, and to call for vindictive damages; and her suffering in mind, I think, was a fair subject of consideration for the jury. But is this a matter that can be proved by a witness, (other than the party,) from appearances? Are the party's own acts which are not a part of the *res gestœ*—not occurring at the time—admissible evidence, in an action for assault and battery? Can a witness, especially one not an expert, give an opinion as to such mental suffering? Can a party prove her own acts, at a period of time subsequent to, and somewhat remote from, the time

of the alleged injury, as evidence of mental suffering? I think not. I think this was error. Especially should this be so held in a case where she failed to be sufficiently affected in mind to inform her mother, or her husband, at the time, or to make, then, any manifestation of suffering. The presence of both mother and husband interrupted the acts complained of, on different occasions, and no complaint was then made; no tears shed; nor, on another occasion, was there any outcry, though a sister was in the adjoining room.

2. Two witnesses—Shaw and Niver—were offered by the defendant, to prove particular acts of lewdness on the part of the plaintiff—acts of carnal intercourse between the witnesses and the plaintiff. This offer of evidence was overruled by the learned judge, and the defendant's counsel excepted.

This action, as will be seen by the discussion of the previous point, was tried upon the theory of damages arising from mental suffering of the plaintiff, by a shock to her moral sensibilities from an attack upon her chastity. Having admitted evidence to that end, her character for chastity was involved in the issue as affecting damages. *Phillips*, in his treatise on *Evidence*, (*vol.* 1, *page* 760, *Edw. ed.* 639,) lays down the rule in actions for seduction or adultery, that evidence of general bad character, or even of particular acts of immorality, is admissible on the part of the defendant, in reduction of damages. And this was allowed in the case of *Verry* v. *Watkins*, (7 *Car. & P.* 308.)

The rulings of the court upon the evidence of Shaw and Niver raises directly the much vexed question whether, when a person's character for chastity is in issue, it is competent to disparage it by proving specific acts of immorality. The question is raised here, because the plaintiff's character for chastity is directly in issue upon the

Ford v. Jones.

question of damages. It is directly a question of chastity, and not of reputation. The material issue, in such a case, is on the willingness or reluctance of the plaintiff to the act complained of. And the court has ruled that her character for chastity could be attacked only by proof of general reputation. I am satisfied that this was wrong.

In the first place, there is the *a priori* argument, that it is the *fact* of chastity, and not the *reputation* of that fact, upon which the violence of the shock to the injured party's feelings depends; that the reputation does not accord with the fact, and, as a means of proof, is therefore inferior to that by specific acts. This argument has never been answered, except by a reason of convenience, merely; that the plaintiff cannot be expected to come prepared to disprove specific acts; a reason which is summarily disposed of by Justice Cowen in the case of *The People* v. *Abbot*, (19 *Wend.* 192, 197,) by the statement that "such a reason would go to show that every circumstance in a chain must be shown by reputation instead of occular proof." Upon principle, independent of authority, I think this is sound.

In the next place, I am entirely satisfied that the weight of authority is the same way. In this state there is the opinion of Justice Cowen in *The People* v. *Abbot*, (*supra*,) *obiter dictum* upon this point, it is true, but as an opinion most able and exhaustive; besides, the cases of *Bracy* v. *Kibbe*, (31 *Barb.* 276,) and *Hogan* v. *Cregan*, (6 *Rob.* 150,) support the same view, while to the contrary there is only the case of *The People* v. *Jackson*, (3 *Park. Cr. Rep.* 391,) which must be deemed to have been overruled by the two cases above cited. And proof of specific acts has always been admitted under the seduction and abduction statutes, to show that the prosecutrix was not of "previously chaste character." (*See Carpenter* v. *The People*, 8 *Barb.* 603; *Crozier* v. *The People*, 1 *Park. Cr. Rep.* 453; *Safford* v. *The*

*People, Id.* 474; *People* v. *Kenyon,* 5 *id.* 286; 26 *N. Y.* 203;
*People* v. *McArdle,* 5 *Park. Cr. Rep.* 180.) As the *fact* of
a chaste character is as much at issue in this case as in
those, they must be considered authorities. The shock to
the plaintiff's feelings, it is natural to suppose, is propor-
tioned to the sacred regard she entertained for her per-
sonal virtue; and the damages she would be entitled to
recover ought to be regulated by the nature and extent
of the injury received. Unless a distinction is permitted
by the admission of evidence to this point, the lascivious
wanton is put upon an equality with her of personal chas-
tity and virtue, in her action for damages. Assault and
battery is an action in which vindictive damages are al-
lowed, depending upon the aggravation. How is this
aggravation to be measured, but by the degree of suffer-
ing? And how is the suffering to the feelings to be
measured, but by the moral sensibilities? Does the chaste
and pure suffer no more, in this respect, than the prosti-
tute? The rule would otherwise be unjust.

In other states, the cases upon this point of the admis-
sion of evidence, are conflicting. Iowa and California
holding the evidence of specific acts to be admissible;
and those of New Hampshire, North Carolina and Arkan-
sas the reverse. (*See Reed* v. *Williams.*) A *dictum* to the
same effect has also been uttered by the Supreme Court
of Ohio, and a *semble* by that of Georgia. (*See* 5 *Sneed,*
[*Tenn.*] 580; *Smith* v. *Milburn,* 17 *Iowa,* 30; *People* v. *Ben-
son,* 6 *Cal.* 221; *State* v. *Knapp,* 45 *N. H.* 148; *State* v.
*Jefferson,* 6 *Iredell,* 305; *McCombs* v. *State,* 8 *Ohio, N. S.,*
643; *Camp* v. *State,* 3 *Kel.* [*Ga.*] 417; *Pleasants* v. *State,* 15
*Ark.* 624.)

The authority of the English courts must also be held to
be in favor of admitting the evidence of specific acts.
The earlier cases of *Rex* v. *Hodgson,* (*Russ. & Ry. C. C.*
211,) and *Rex* v. *Clark,* (2 *Stark.* 241,) which presented so

Ford *v.* Jones.

much difficulty to Justice Cowen in his opinion in *The People* v. *Abbott,* have been doubted, and practically over-ruled by the later cases of *Rex* v. *Barker,* (3 *Car. & P.* 589;) *Verry* v. *Watkins,* (7 *id.* 308;) *Reg.* v. *Robins,* (2 *M. & Rob.* 512;) *Reg.* v. *Martin,* (6 *Car. & P.* 562;) *Reg.* v. *Terring-ton,* (1 *Cox C. C.* 48;) and *Reg.* v. *Mercer,* (16 *Jur.* 243.) And in *Carpenter* v. *Wall,* (11 *A. & E.* 803,) the reason-ing of the court is to the same effect.

Besides, in analogous cases specific acts may be shown; as in passing counterfeit money, on the question of *scien-ter,* (1 *Phil. Ev.* 179, 7*th ed*,) and in actions for breach of promise of marriage, acts pointing at lightness of charac-ter may be shown. (*Willard* v. *Stone,* 7 *Cowen,* 23. *Johnson* v. *Caulkins,* 1 *John. Cas.* 116.)

I take the rule to be that where character is directly in issue, specific acts may be proved; but where the issue is collateral, as upon the credibility of a witness, the proof must be confined to general reputation.

In the absence of authority, I think, upon principle, the evidence ought not to have been excluded. Facts and circumstances ought to be permitted, in evidence, which go to regulate the amount of the verdict, so as to arrive at a just result. It is, in my opinion, manifestly unjust that facts should be withholden from a jury which would and ought to lessen the damages. While it may be proper for a jury to take into consideration, and give damages for, suffering in mind, and which they may justly esti-mate by necessary inference from facts calculated to pro-duce such suffering, I think the evidence of such suffering, which is of the party's own making, should either be excluded, or, if admitted, the party responsible should be permitted to show, by specific facts, those matters which would rebut such pretended suffering. The probabilities of assent, or of non-resistance are a legitimate inference from the fact of former promiscuous intercourse, or former

particular acts of lewdness.    And, indeed, if the assent is established, there was no assault and battery.

The result is, that the judgment must be reversed, and a new trial ordered; costs to abide the event.

[THIRD DEPARTMENT, GENERAL TERM, at Ogdensburgh, November 7, 1871. *Miller*, P. J., and *Potter* and *Parker*, Justices.]