LINUS WANDELL, RESPONDENT, *v.* FREDERICK M. EDWARDS, APPELLANT.

*Action for seduction — facts tending to reduce the actual damages sustained by the plaintiff are admissible, though not specially pleaded — Code of Civil Procedure, sec.* 536.

In this action, brought by the plaintiff to recover damages for the seduction and debauching of his daughter by the defendant, the latter answered by a general denial. No claim was made to recover punitive damages. Upon the trial the defendant offered to prove that before he had had connection with the daughter she had had connection with another man. This evidence was, upon the plaintiff's objection, excluded on the ground that to be admissible the facts should have been specially pleaded.

*Held,* that the court erred in rejecting the evidence; that the facts sought to be proved tended to reduce the actual damages sustained by the plaintiff in grief and in injury to his feelings, and were admissible though not specially pleaded. (BOARDMAN, J., dissenting.)

Under section 536 of the Code of Civil Procedure the defendant is only required to set forth in his answer the facts which he seeks to prove as "tending to mitigate or otherwise reduce the plaintiff's damages," when such facts tend to disprove malice, and so diminish or reduce the punitive or exemplary damages which the plaintiff may be entitled to recover.

That section does not prevent him from proving, under a general denial, any facts which tend to diminish or reduce the actual damages which the plaintiff claims to have sustained.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury.

The complaint set forth two causes of action. The first cause for the seduction of the plaintiff's daughter and the consequent injury; which seduction occurred about January 24, 1879. The second for debauching the daughter and servant of plaintiff, on account of

which she became pregnant and the plaintiff lost her services. This is alleged to have occurred February 12, 1880. The jury found a verdict for the plaintiff for $400.

Upon the trial plaintiff's daughter was asked : "Did you tell your father at a time prior to February twelfth that Henry Earl had tried to have connection with you, and could not enter you because you were too small, or that in substance ? " This question was objected to on the ground of immateriality, and because the facts sought to be proved were not pleaded, and it was rejected, to which ruling the defendant excepted. The witness afterwards testified that one Henry Earl had entered her body before the seduction at Greenfield, and that she did not know how many times such a connection had occurred.

Thereafter the defendant in substance asked Henry Earl, a witness called by him, if prior to the seduction alleged he had had carnal intercourse with the plaintiff's daughter? This was objected to as improper, immaterial and incompetent, and the objection was sustained, the defendant excepting.

A motion was then made to strike out all evidence given in the case tending to show lascivious conduct of the daughter prior to January 24, 1879. The defendant opposed this motion, but the court granted it upon the ground that the facts should have been pleaded.

*L. B. Pike,* for the appellant.

*W. B. French,* for the respondent.

LEARNED, P. J.:

The phrase "circumstances in mitigation of damages" had been principally used in actions of slander or libel. It referred usually to such circumstances as tended to disprove malice. These circumstances, of course, did not tend to diminish the actual damages which the plaintiff had suffered. But they did tend to lessen the punitive or exemplary damages which might be recovered against the defendant, to punish him, or to serve as an example, in excess of the actual damages. (Sedg. Meas. Dam., 540.) So in actions for personal wrongs the defendant, who does not deny that the verdict

must pass against him, may give evidence to show that the plaintiff in some degree brought the thing upon herself. (*Fraser* v. *Berkeley*, (7 Carr & Payne, 621.) And when the words "in mitigation" are used in cases other than those of slander and libel, I suppose that they still refer to such damages as are punitive or exemplary. In this sense I think the words are used in the Code of Civil Procedure. (Sec. 536.) Because, on a general denial, it always has been, and must necessarily be, proper to give evidence tending to reduce or mitigate (if that word is used) the actual damages suffered by a plaintiff. The language of that section is "mitigate or otherwise reduce." But the section certainly cannot mean that in actions for a personal injury the defendant must specially set up in his answer the circumstances which show that the plaintiff was not injured as much as he claims. For instance, in an action for assault and battery, if the plaintiff proved the assault and gave evidence tending to show that he was laid up six weeks, the defendant might show that the plaintiff was out the next day, without having pleaded this in the answer. For the reason that such evidence only goes to the actual damages suffered by the plaintiff. But if the case were one which, on the plaintiff's showing, appeared to authorize a jury to give punitive damages beyond the plaintiff's actual injury, then probably, under this section, the defendant could not give evidence in mitigation of those punitive damages unless he had pleaded specially.

In *Willover* v. *Hill* (72 N. Y., 36), where the court enforced the rule that circumstances in mitigation must be pleaded, we can see what such circumstances were. The action was for slander. The defendant offered to show that a third person had brought to her reports of a character similar to those which she had uttered. This evidence did not tend to reduce the actual damages of the plaintiff but it tended to reduce punitive damages. It was, therefore, "a mitigation," and, not having been pleaded specially, could not be admitted. Whether or not in an action for seduction punitive damages can be recovered, it is not necessary to examine, because the learned judge who tried the case did not charge that there could be any recovery except for actual damages. Of course these actual damages under the first count included the grief and injury to the feelings, etc.

There were two counts, one for seduction, strictly so-called,

alleged to have taken place January 24, 1879 ; the other for debauching in February, 1880, from which act the daughter became pregnant and gave birth to a child. The defendant had offered to prove that prior to January, 24, 1879, the plaintiff's daughter had had connection with a person named, other than defendant. This was excluded on the ground that it had not been set up in the answer. And all evidence which had been previously given of lascivious conduct prior to January 24, 1879, was, on the same ground, stricken out on plaintiff's motion.

The court charged that if the plaintiff had made out a case they were to make no reduction on the ground of lewd acts and lascivious conduct of plaintiff's daughter prior to January 24, 1879.

Thus we have the question fairly presented, whether prior want of chastity of the plaintiff's daughter tended to reduce the actual damages which he suffered, in grief and injury to the feelings, by reason of the alleged seduction. In *Ford* v. *Jones* (62 Barb., 484), in an action by the woman herself for seduction, this kind of evidence was admitted. Judge POTTER says : " Unless a distinction is permitted by the admission of evidence to this point the lascivious wanton is put upon an equality with her of personal chastity and virtue." In *Bracy* v. *Kibbe* (31 Barb., 273) 'the court say : " One of the considerations entering into the question of damages is the supposed loss on the part of the parent of the society of a chaste and pure daughter. If, therefore, the daughter had already become impure, the loss in that respect would be much less." Thus the court show that the previous unchastity of the daughter affects the question of the actual damages suffered by the parent. And in actions of tort the question of actual damages is raised by a general denial. What actual injury a plaintiff has received is a part of his proof, to be met by counter-proof, without any special pleading.

Thus in the case of *White* v. *Mortland* (71 Ill., 250) it was held that the issue of not guilty involved the character of the daughter for chastity, and testimony might be given to show criminal intercourse of others with her prior to defendant's alleged act. .

Nor does it affect the question that this is a wrong to the plaintiff's servant. If the plaintiff had given evidence (as he did) that by reason of defendant's wrongful act the plaintiff had lost three

weeks of his daughter's service, the defendant could have given evidence that the plaintiff had lost only one, without specially pleading this. And so, when the plaintiff gives evidence of, or seeks to recover damages for, the injury to the feelings of which he had suffered by reason of the seduction, the defendant may show that this injury cannot be as great as the plaintiff claims, because of the previous impure character of the daughter. And he may show this, on a general denial, because it tends to show that the plaintiff did not suffer the actual damages which he claims. No exemplary damages were allowed in the case, and therefore that evidence was not given to mitigate them.

Judgment reversed, new trial granted, costs to abide event.

BOARDMAN, J., dissented.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment reversed, new trial granted, costs to abide event.