## ISABEL YOUNG, BY GUARDIAN, APPELLANT, v. GEORGE W. JOHNSON, RESPONDENT.

*Juror — disqualified in civil actions if in the least degree biased or prejudiced — action for assault and ravishment — specific acts of the plaintiff tending to show lack of virtue and chastity admissible on the question of damages — admissibility of the opinion of a physician as to whether pregnancy is likely to follow ravishment — when the general good character of the plaintiff cannot be proved by her — the failure of the plaintiff to disclose the assault to friends, after a reasonable opportunity to do so, of itself tends to impeach her veracity.*

Upon the trial of this action, brought to recover damages for an alleged assault and battery upon the person of the plaintiff, and for forcibly defiling and carnally knowing her, John Crouse, one of the jurymen, whose name was drawn from the box, having been challenged by the defendant for favor, testified that he knew the parties; that he had partially formed an opinion; that what he had

heard had created an impression upon his mind; that he then had that impression, and that it would require evidence to remove it. On his cross-examination he testified that he thought he could sit and try the case fairly and impartially, and render an impartial verdict from the evidence without being biased by his previously formed opinion, but it would take evidence to remove the opinion formed.

*Held*, that the decision of the trial court sustaining the challenge should be affirmed.

That the rule established by chapter 475 of 1872, and section 376 of the Code of Criminal Procedure, is limited to criminal trials, and has not changed the common-law rule which is still to be applied in civil cases.

Upon the trial the defendant was allowed, against the objection and exception of the plaintiff, to give evidence tending to show specific acts in the life of the plaintiff indicating a want of virtue and chastity.

*Held*, that the evidence was admissible as bearing upon the question of damages.

The plaintiff having testified that previous to the defendant's assault she had never had sexual intercourse with any man, and it appearing that she had, after the assault, been delivered of a child, the defendant called a physician and was allowed, against the plaintiff's objection and exception, to put a hypothetical question, which was, in substance, an inquiry whether, in his opinion, pregnancy would probably result from the first intercourse in a case where the woman had been ravished and the act accomplished against her will.

*Held*, that the evidence was properly admitted, as the opinion of learned and experienced medical men on the subject of the inquiry would aid the jury in disposing of the issue. (BRADLEY, J., dissenting.)

That, in any event, the defendant was entitled to have the evidence received as the plaintiff had herself given proof of the same character by a medical witness, who stated that, in his opinion, conception might follow the first intercourse with a man under such circumstances.

Upon the trial the plaintiff's attorney offered testimony as to the general character of the plaintiff for the purpose of showing that she was a person of good moral character, and as tending to prove her character for chastity and veracity, and also for the purpose of rebutting any presumption which might have been raised against her by the facts proved, and as bearing on her character for truth and veracity.

*Held*, that as the plaintiff's general reputation for truth and veracity had not been attacked by the defendant she was not entitled to sustain her case and character by proof of her general good character.

The plaintiff delayed disclosing to her female friends the conduct of the defendant until she became satisfied that she was with child, although she met her most intimate female friends the very day of the occurrence, and under such circumstances that she had a free opportunity to relate to them the outrage which she alleges that the defendant had perpetrated.

*Held*, that it was not error to charge that the silence, after a reasonable opportunity to expose the defendant's conduct to her female relatives and friends, was a circumstance from which the jury might infer that her story was not reliable.

APPEAL from a judgment entered upon a verdict rendered at the Erie County Court in the defendant's favor. The action was brought for an alleged assault and battery upon the person of the plaintiff, who was at the time under twenty-one years of age. For the purpose of enhancing the damages, the plaintiff alleges that the defendant forcibly defiled and carnally knew her, whereby she became pregnant, and thereafter was delivered of child, and that in consequence thereof she became sick and her health was impaired, and she suffered in her peace of mind, and her good name and reputation was brought in question by friends and acquaintances.

As a witness in her own behalf she gave evidence as to the truth of the charge, and also as to the effect of the assault upon her mind and body. The case comes before this court to be heard on the exceptions taken on the trial.

The record does not show that any motion was made for a new trial at the Circuit upon the judges' minutes, or at Special Term upon a case. In the case it is stated that all the evidence bearing upon the rulings and exceptions thereto are fully stated therein.

*Farrington & Laing*, for the appellant.

*Frank Brundage*, for the respondent.

BARKER, J.:

The first exception taken on the trial will be first considered. John Crouse, one of the jurymen, whose name was drawn from the box, was challenged by the defendant for favor. As a witness on the trial of that issue he stated that he knew the parties and had heard the case talked about; and he thereafter said, "I have partially formed an opinion; I don't know as I have an opinion particularly; what I heard said created an impression upon my mind and I have that impression now; it would require evidence to remove that impression." On his cross-examination he partially qualified this statement as to the opinion he entertained, and said in substance that, "I think I could sit and try this case fairly and impartially, and render an impartial verdict from the evidence, without being biased by my previously formed opinion, but it would take evidence to remove the opinion formed."

If a juror is in the least degree biased or prejudiced against

either party, he is disqualified to serve, and a challenge based thereon should be sustained.

The bias imputed to this juror was based upon the alleged fact that he had formed an opinion upon the merits of the case. If the fact charged was true, then a legal disqualification existed. It has been held in a multitude of cases that if the juror has formed an impression and opinion upon the merits of the case, he is for that reason disqualified. (*Lord* v. *Brown*, 5 Denio, 348; *Blake* v. *Millspaugh*, 1 Johns., 316.)

On a challenge for favor, the question is, is the juror, as between the parties, free from prejudice? This issue admits of a wide latitude of inquiry. In *Smith* v. *Floyd* (18 Barb., 522) it was held that the expression of an opinion by a juror against the custom relative to the depasturing of cattle on certain lands disqualified a juror in a case where one of the defences set up was based upon the alleged existence of the custom. A juror who has served upon a former trial of the same issue, is also disqualified, and for the obvious reason that, while acting as such, he must have formed an opinion on the question at issue. The challenge and question of fact involved, the court was empowered to try and determine. (Code, Civil Pro., § 1180.)

We see no reason for dissenting from the disposition which the court has made of the question. The plaintiff's council contended in his written argument that the rule established by statute in criminal cases should be applied in civil actions. The statute, in its application is expressly limited to criminal trials, and the common law rule as applied to civil cases has not been changed. (Laws, 1872, chap. 475; Code Crim. Pro., § 376.)

Under this provision of the statute a juror who has formed an opinion or impression upon the merits of the case is disqualified to sit as a juror unless three things concur: 1st. He must declare on oath that he believes that such opinion or impression will not influence his verdict. 2d. He must also declare on oath that he believes that he could render an impartial verdict according to the evidence. 3d. And the court must be satisfied that he does not entertain such an opinion or impression as would influence his verdict. Unless these three things concur the juror must now, as before, be excluded from the jury box. (*People* v. *Casey*, 96 N. Y., 115.)

If we may review the decision of the trial court on this appeal we are not satisfied, as it was not satisfied, that the juror did not entertain such opinion or impression as would influence his verdict.

On the trial the defendant sought to impair the plaintiff's reputation for virtue and morality for the purpose of diminishing the amount of damages, and gave evidence tending to show specific acts in her life and behavior which indicated a want of virtue and chastity. This evidence the plaintiff insisted was incompetent, but the trial court ruled against the plaintiff's objection thereto and received the evidence. It is now well settled in the courts of this State that in actions of this character as bearing upon the question of damages such evidence is competent. (*Ford* v. *Jones*, 62 Barb., 484; *People* v. *Abbot*, 19 Wend., 192; *Bracy* v. *Kibbe*, 31 Barb., 273; *Wandell* v. *Edwards*, 25 Hun, 498; *Gulerette* v. *McKinley*, 27 id., 320; 1 Greenl. Ev., § 54.)

This rule disposes of a large number of exceptions to which our attention has been directed. The plaintiff testified that previous to the defendant's assault that she had never had sexual intercourse with any man. The defendant called a physician as a witness and asked him the hypothetical question, which, in substance, was an inquiry, whether, in his opinion, pregnancy would probably result from the first intercourse in a case where the woman had been ravished and the act accomplished against her will. The plaintiff objected to the question on the ground among others that the subject of inquiry was not such as to call for the opinion of expert witnesses, and involved no question of science or skill, and that the answer, whether in the affirmative or negative, must necessarily be speculative in its character. The witness was permitted to answer the question and the defendants excepted and the witness gave his opinion that it would not. The object of the inquiry was to support the defendant's position that he was not the father of the plaintiff's child and that her story was a fabrication. We think the evidence was proper and the opinion of learned and experienced medical men on the subject of the inquiry would aid the jury in disposing of the issue, and the ruling did not contravene the general rule that fact and not opinions are to be given in evidence.

The common mind does not readily comprehend the laws of nature which culminate in man's complex organism, and they cannot be

solved without much study and observation, and are discovered only by most ingenious and profound research. The rules of evidence permit learned and scientific men to express their opinion, based on their study and observation as to what would probably be the result or direction of the laws of nature on an ascertained state of facts. If, however, these views are not correct, we are of the opinion that the defendant was entitled to the evidence, as the plaintiff had made proof of the same character by a medical witness, who stated that, in his opinion, conception might follow the first intercourse with a man. This evidence opened the way for the inquiry which the court permitted the defendant to make upon the same subject.

We think the evidence as to the conversation between the defendant and his mother, in the absence of the plaintiff, soon after the time of the alleged assault was also competent as the plaintiff had given evidence as to the same interview, and no exception was taken to the ruling by the defendant.

After the defendant had made his case the plaintiff called a witness who testified that he knew the plaintiff, and he was then asked this question: "Do you know what her reputation was in the town where she lived?" To this question the defendant objected and the same was sustained, and the plaintiff excepted. The defendant then stated to the court that he should not claim to the jury that the plaintiff's character, according to the speech of people, was not good and should not attack her character, but that from her conduct and the circumstance proved he should ask the jury whether it was not more likely that she gave way to her passion with White rather than that Johnson should have done the act complained of. The plaintiff then offered testimony as to the general character of the plaintiff for the purpose of showing that she was a person of good moral character, and as tending to prove her character for chastity and morality, and as corroborated in the main facts in the case, and also for the purpose of rebutting the presumption which may have been raised against her, and as bearing on her character for truth and veracity. This was objected to by the defendant's counsel as inadmissible and incompetent, and that proof of her general reputation and character is not admissible as it was not attacked and that he should not claim that it had not been good in the neighborhood in which she lived, The objection was sustained and the plaintiff excepted.

These rulings present the question, was it competent for the plaintiff to sustain her case and character by proof of her general good character? The plaintiffs general reputation for truth and veracity had not been attacked by the defendant by proof that her reputation in that respect was bad. The other point upon which the evidence was offered was not embraced within the issue and not involved in the merits, and for that reason the same was properly rejected. (*Ford* v. *Jones, supra.*) Here the plaintiff stated in explicit terms that the offer of proof was for the purpose of supporting the issue on the plaintiff's part by giving proof in support of her general good character as to chastity and virtue. This was not admissible by the rules of evidence. Where an issue is raised on the trial collateral to the issues involving the merits; as where a witness's general character has been attacked by calling impeaching witnesses, or it appears by his own evidence on cross-examination or otherwise, that he has lived an evil and immoral life, then the party calling him may sustain his general character for truth and veracity. (*People* v. *Rector*, 19 Wend., 569; *People* v. *Gay*, 3 Seld., 378; *People* v. *Hulse*, 3 Hill., 309.) Had the plaintiff's offer of proof been limited to the purpose of proving that the plaintiff's general character for truth and veracity was good, with a view of sustaining her as a witness in her own behalf, a different question would be presented. But as the evidence offered was not limited to that purpose and the defendant expressly disclaimed all intention of attacking the plaintiff's general character for truth and veracity, we are not called upon to examine that question. All the evidence given by the defendant tending to impeach the general character of the plaintiff for chastity related to the main issue, as we have attempted to show.

The plaintiff delayed disclosing to her female friends the conduct of the defendant until she became satisfied that she was with child, although she met her most intimate female friends the very day of the occurrence and under such circumstances that she had a free opportunity to relate to them the outrage which she alleges that the defendant had perpetrated. Upon this evidence the court charged the jury, at the defendant's request, in substance as follows: The fact that she did not disclose the assault within a reasonable time after an opportunity presented itself for her so to do, is in itself a

reason for impeaching the veracity of her story. Her silence, after a reasonable opportunity to expose the defendant's conduct to her female relatives and friends, is a circumstance from which the jury might infer that her story was not reliable. If the plaintiff's counsel claimed that the general rule, as stated, should have been qualified in view of any of the facts and circumstance appearing in the case, he should have called the attention of the court to the same.

The part of the charge relative to the degree of résistance that the plaintiff was called upon to make to defeat the villainous purpose of the defendant was correct and in accordance with the rule laid down by the elementary writers and stated in the decisions of the courts of this State. (*People* v. *Dohring,* 59 N. Y., 374.) Many other exceptions were taken to the rulings of the court upon the trial but we fail to discover any error therein. Many other points were made and argued but no exceptions were taken so as to bring up the questions discussed.

The judgment should be affirmed.

SMITH, P. J., concurred; HAIGHT, J., not voting.

BRADLEY, J. (dissenting):

I am of the opinion that the plaintiff's exception was well taken to the ruling which permitted the medical witness to answer the question, "suppose a young lady of nineteen or twenty years, weighing one hundred and twenty pounds, who had never had sexual intercourse with a man, should be seized and thrown upon the floor and ravished against her will and her resistance, state whether or not, in your judgment, from your reading and experience it would be probable that pregnancy would follow such an intercourse;" that the opinion called for was conjectural and speculative in character and that no evidence had been given on the part of the plaintiff which waived her right to effectually take exception.

Judgment affirmed.