(55 Misc. Rep. 366)

### ALLEN v. BESECKER.

(Supreme Court, Special Term, Erie County. June, 1907.)

HUSBAND AND WIFE—ALIENATION OF AFFECTIONS—MITIGATION OF DAMAGES.
  Code Civ. Proc. § 536, provides that in an action to recover damages for breach of a promise to marry, or for a personal injury, the defendant may prove facts not amounting to a total defense tending to mitigate or otherwise reduce the plaintiff's damages, if they are set forth in the answer. *Held* that, in an action for the debauching of plaintiff's wife and the alienation of her affections, it was proper for defendant, in his answer, to allege that plaintiff had no affection for his wife, that his own immoral conduct and relations with other women established the fact, and that his violence and cruelty had driven her from his house, since any of these facts would tend to lessen the damages plaintiff would otherwise be entitled to recover.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 26, Husband and Wife, §§ 1120, 1125.]

Action by Theron E. Allen against Claude J. Besecker. Motion to strike out certain allegations of the answer as impertinent, irrelevant, redundant, and scandalous. Denied.

D. M. Silver, for the motion.
James A. Macgoffin, opposed.

WHEELER, J. This action was brought to recover damages for the alleged debauching of the plaintiff's wife and the alienation of her affections, and alleges that thereby the plaintiff has suffered great distress in body and mind. The answer consists, first, of a general denial. It then proceeds to set up as a partial and separate defense various al-

leged offenses on the part of the plaintiff. Among other things, it alleges the commission on his part of various acts of adultery; that· the plaintiff had no love or affection for his wife, and threatened her with personal violence and other brutality, and otherwise cruelly treated her; that the plaintiff had abandoned his wife and left her without means of support; that he had circulatéd many scandalous and indecent remarks concerning her. These allegations of the answer the plaintiff now moves to strike out as scandalous under the provisions of section 545 of the Code of Civil Procedure.

I think the motion as to these allegations of the answer must be denied. Section 536 of the Code of Civil Procedure provides that:

"In an action to recover damages for breach of a promise to marry, or for a personal injury, or an injury to property, the defendant may prove, at the trial, facts, not amounting to a total defense, tending to mitigate or otherwise reduce the plaintiff's damages, if they are set forth in the answer," etc.

This is an action for a personal injury. It is well settled that, in actions of this character, allegations of the kind set up in the answer may be proved as bearing upon the question of damages, and the specific misconduct of the plaintiff may be shown. Smith v. Matthews, 21 Misc. Rep. 152, 47 N. Y. Supp. 96; Ford v. Jones, 62 Barb. 484; Smith v. Masten, 15 Wend. 270; Young v. Johnson, 46 Hun, 168; Wandell v. Edwards, 25 Hun, 498; Guerette v. McKinley, 27 Hun, 323. The deprivation of the society of the plaintiff's wife, and the consequent injury and the distress of mind incident, are most material elements of damage if the plaintiff is entitled to recover. It certainly is competent for the defendant to prove the plaintiff in fact had no affection for his wife, that his own immoral conduct and relations with other women established the fact, and that his violence and cruelty had driven her from his home. Any of those facts would tend to lessen the damages the plaintiff would otherwise be entitled to recover, and were proper allegations to set up by way of answer.

The court has greater doubt as to the materiality of the matters set forth in paragraphs 9, 10, and 11 of the second clause of the answer, wherein the pendency of actions between the husband and wife for divorce is set up; but as these matters appear to be more or less intimately connected with and the outcome of the prior allegations discussed, and may have some possible bearing on the case, this court has concluded to permit the allegations to stand.

The motion is therefore denied, with $10 costs.